## Kenyon *versus* Gould *et al.* ·

61 ── 292|
e 29 SC 561|

1. Since the Act of April 9th 1849 (Exemptions), no exemption under an execution on a judgment in an action *ex delicto* is allowed to the defendant.

2. The Act of 1849 abolishes the exemptions provided in the Acts of 1828, 1836 and 1846.

March 9th 1869.   Before THOMPSON, C. J., READ, AGNEW, and WILLIAMS, JJ.   SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Tioga county:* No. 364, to January Term, 1869.

This was an action of trespass *d. b. a.* by John B. Kenyon against Philander Gould and others, issued May 12th 1866.   The parties filed a case stated in the suit, which embodied these facts:—Gould, one of the defendants, and his wife, sued Kenyon the plaintiff in slander, and obtained a verdict, on which judgment was entered.   An execution was issued on the judgment, and divers goods of Kenyon were levied on, which were appraised at $271.50.   Kenyon claimed the benefit of the exemption law, but the sheriff sold them under the execution.   Amongst the goods were a wagon, plough, cook-stove and pipe, horse and harness, &c. .   The question submitted to the court was whether the plaintiff (in this action) was entitled to recover for the whole or any part of the articles, &c.

The Court of Common Pleas (H. W. Williams, J.) delivered the following opinion:—

" This was an action of trespass, in which the facts have been submitted upon a case stated for the opinion of the court.

" Gould and wife obtained a judgment against Kenyon in an action brought for words spoken of and concerning the wife. Upon this judgment a writ of fi. fa. was issued, which was levied on personal property.   The defendant in the writ then made claim for the benefit of the exemption laws, which was disregarded, and the articles levied upon were sold by the sheriff.   This seizure and sale are the trespass complained of; the plaintiff in this action alleging that he was entitled to claim the specific articles enumerated in the Act of 1828 as exempt from levy and sale, notwithstanding the fact that the judgment was obtained in an action *ex delicto*.   The case stated therefore raises the question whether, since the Act of 1849, a defendant in an action founded upon ' tort' has a right to hold any property as exempt from levy and sale for the damages recovered in such action.   That no such right is conferred by the Act of 1849 is admitted.   If it exists at all, it must be by virtue of some unrepealed provision of the earlier Acts of Assembly on the subject.   The Act of 1828, Pamph. L. 285, entitled ' An Act for the relief of the poor,' provided for the exemption of certain specific articles, not only upon

[Kenyon *v.* Gould.]

execution issued for 'debt or rent,' but also for 'damages, except it be for damages done to real estate,' &c.

"The Act of 1836, Pamph. L. 755, is a revision and consolidation of the laws relating to executions. And in the 26th section, the provisions of the Act of 1828 relating to exemptions were incorporated. The Act of 1849, in explicit terms, repeals the 26th section of the Act of 1836, as also the 7th and 8th sections of the Act of 22d of April 1846, and provides a system of exemption, from which the provision relating to damages is omitted.

"We regard the Act of 1836 as bringing together, consolidating and revising the laws then in force relating to executions, as well as adding new provisions. It provided a system. The repeal of the 26th section, without more, would have struck the provisions relating to exemptions out of existence.

"The Act of 1849 provides for the exemption of property to the amount of $300, upon all executions issued upon a judgment obtained in an action upon a contract and upon distress for rent; provides the manner in which the exemption is carried into effect; creates a complete and, in many respects, a new system, but excludes one class of debtors from its operation. It then expressly repeals the sections of the Acts of 1836 and 1846, which embodied the old system.

"We think this leaves a defendant in an action *ex delicto* to stand as he would have stood prior to the passage of the exemption laws. It follows, then, that the claim made by Kenyon was properly disregarded by the officer, and that the defendants in this case are entitled to judgment."

Judgment accordingly was entered upon the case stated in favor of the defendants; which, on removal of the case to the Supreme Court, was assigned for error.

*C. H. Seymour*, for plaintiff in error, referred to Acts of April 10th 1828, Pamph. L. 286; June 16th 1836, § 26, Pamph. L. 1836 (Execution); of same date (Insolvents), § 35, Pamph L. 736, Purd. 542, pl. 43; April 22d 1846, § 7, Pamph. L. 477; April 9th 1849, § 12, Pamph. L. 533, Purd. 432, pl. 20, 21; April 26th 1850, Pamph. L. 681; April 14th 1851, § 5; April 8th 1859, § 1, Pamph. L. 425, Purd. 281, pl. 58, 59.

*H. Allen*, for defendant in error.

The opinion was delivered May 11th 1869.

PER CURIAM.—The opinion of the learned judge who heard the case is so satisfactory a vindication of the judgment rendered on the case stated, that we need add nothing to it; and the judgment is affirmed for the reasons contained therein.

Judgment affirmed.