## Von Storch *versus* Griffin.

1. In an action for breach of promise of marriage, the defendant's point was: "if the jury believe that the plaintiff is, and was, a person of lewd and immoral character, she is not entitled to recover unless they find that the defendant, with a knowledge that such was her character, expressly agreed to marry her." *Held*, that the point should have been affirmed.

2. An agreement to marry may be established by evidence of a formal undertaking by positive words, or of circumstances from which it may be inferred.

3. A man is not bound by a contract to marry a lewd woman, if he has entered into it in ignorance of her character.

4. The sufficiency and legality of the consideration of a contract are put in issue by the plea of non-assumpsit, and the defence that a woman with whom a contract of marriage is made was lewd, directly reached the consideration.

March 9th 1875.    Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Luzerne county :* Of January Term 1874, No. 317.

This was an action of assumpsit, brought August 16th 1869, by Adelia Griffin against William Van Storch. It was to recover damages for breach of promise of marriage. The plea was non-assumpsit. The case was before tried, and the judgment of the court below reversed by the Supreme Court; it is reported in 21 P. F. Smith 243. It was tried the second time before Dana, J., on the 11th of February 1873.

The plaintiff gave evidence of an express promise of marriage, and of deportment of plaintiff and defendant when together, such as is exhibited between persons under an engagement of marriage.

The defendant testified that there had been no promise, nor engagement of marriage. He gave evidence, also, by a number of witnesses, tending to show the want of chastity, and of lewd and immoral conduct on the part of the plaintiff; and that her character in these respects was bad.

The defendant submitted several points ; his third was:

"If the jury believe that the plaintiff is, and was, a woman of lewd and immoral character, she is not entitled to recover, unless they find that the defendant, with the knowledge that such was her character, expressly agreed to marry her."

In connection with this point and in answer to it, the court charged:

* * * "The evidence as to the character and conduct of the plaintiff, relates chiefly to a period prior to the alleged promise. We are not called upon, under the pleadings, or by the points submitted, to declare the legal effect of acts of lewdness, or of the prostitution of her person by the plaintiff after the engagement. If, upon all the evidence, the jury find a promise of marriage and

its breach by the defendant, whether the promise was express, or evinced by such unequivocal conduct, attentions, acts, and intercourse, as clearly imply a reciprocal understanding and agreement of marriage, the plaintiff may recover, and the defendant's third point, which was read to the jury, is answered in the negative: If the jury find, as stated in this point, that the plaintiff is, and was, a woman of lewd and immoral character, it is of weight, and entitled to consideration in determining the amount of damages to be recovered, but does not go to the extent of defeating the action. * * *

The verdict was for the plaintiff for $3000.

The defendant, on the removal of the case to the Supreme Court, by writ of error, assigned, amongst other errors, the refusal to affirm his third point.

*A. Ricketts* (with whom were *E. Mahon* and *A. H. Winter*), for plaintiff in error.—As to whether the question in the point could be raised under the plea of non-assumpsit, cited Darby *v.* Boucher, 1 Salk. 279; Marlow *v.* Pitfield, 1 P. Wms. 559; Harrison *v.* Cage, 12 Mod. 214; Master *v.* Miller, 2 H. Black. 141; Heck *v.* Shener, 4 S. & R. 249; Kennedy *v.* Ferris, 5 Id. 394; Gaw *v.* Wolcott, 10 Barr 43.

*H. W. Palmer* (with whom was *J. Handly*), for defendant in error.

Mr. Justice WOODWARD delivered the opinion of the court, May 10th 1875.

Under the evidence given on behalf of the defendant below, a different verdict from that rendered would have seemed the obvious and natural result of the trial of this cause. The jury, however, were the exclusive judges of the value of the testimony, and that they fixed that value justly is to be presumed. On the part of the court, the record exhibits entire accuracy except in a single particular.

In the defendant's third point, instruction was asked that " if the jury believe that the plaintiff is and was a person of lewd and immoral character, she is not entitled to recover, unless they find that the defendant, with a knowledge that such was her character, expressly agreed to marry her." The language of the point, in one respect, was perhaps ill-chosen. It seems to have been selected under the idea of a distinction between a contract made out by direct testimony, and one which a jury may find by implication from proof of the relations and intercourse of the parties. But an agreement to marry, whatever the proof offered to support it, is at last neither more nor less than an agreement to marry. It may be established by evidence of a formal undertaking by posi-

[Von Storch *v.* Griffin.]

tive words, or by evidence of circumstances from which its existence may be inferred. In either case, the contract is of the same obligation, is attended with the same incidents, and involves the same consequences. The point, therefore, may be treated here, as it was apparently treated in the court below, as if the word "expressly" had not been used. And thus treated, it should have been distinctly affirmed. The relation of which this contract was designed to be the beginning, would, if consummated, have affected the parties throughout their lives. It is a relation on which the most important of the rights of property—the whole happiness and prosperity of families—social order and social morals—the whole structure of our civilization, indeed, finally rest. A man has a right to require that his wife shall come to him with an unstained name. If he is inveigled into an engagement by a harlot, he is the victim of a sheer, bald fraud. Elaboration of a subject like this would be simple platitude. It is enough to say, that the law will not enforce a contract of marriage in favor of a party to it who is not fit to be married at all. A man is not bound by such a contract if, in ignorance of her true character, he has entered into it with a woman who has earned an evil reputation by a vicious or reckless life.

The objection that this question could not be raised under the plea of non-assumpsit, is unfounded. The sufficiency and legality of the consideration of a contract are fairly put in issue by this plea (1 Chit. Pl. 116), and the defence reached directly to the consideration here. "Assumpsit is an equitable action, and the party claiming performance of the promise must show that everything is fair and honest on his part:" Heck *v.* Shener, 4 S. & R. 249. In that case the plaintiff sued for wages claimed to be due her as the housekeeper of the defendant. Evidence had been offered in the Common Pleas to show malfeasance in her discharge of the trust, and had been rejected. In this court Gibson, J., said: "The evidence was strictly admissible, for it went to the consideration, which is the gist of the action." In Hussey *v.* Jacobs, 12 Mod. 97, it was ruled that where a man admits the action, were it not for special matter, it is at his option to plead that matter specially, or give it in evidence on the general issue. It was held by Holt, C. J., in Harrison *v.* Cage, 12 Mod. 214, that in a suit by a man against a woman, for breach of promise of marriage, "if the man were incapable to perform, by reason of consanguinity, &c., it would then be a void promise, whereof she might discharge herself by giving special matter in evidence on non-assumpsit." The pleadings and evidence in the present case made this ground of defence entirely legitimate.

Judgment reversed, and a *venire facias de novo* awarded.