## Keim, Appellant, *v.* Brumbaugh.

*Marriage—Breach of promise—Contract—Assumpsit—Action.*

Damages for breach of promise of marriage were recoverable in an action of assumpsit prior to the procedure Act of May 25, 1887, P. L. 271, and the action is still assumpsit and not trespass.

*Execution—Exemption—Breach of promise of marriage—Marriage—Act of April 9, 1849, P. L. 533.*

A defendant against whom a judgment has been rendered in an action for breach of promise of marriage, is entitled to the benefit of $300 exemption allowed by the Act of April 9, 1849, P. L. 533.

Argued Oct. 23, 1905. Appeal, No. 219, Oct. T., 1904, by plaintiff, from order of C. P. Huntingdon Co., May T., 1903, No. 10, allowing exemption in case of Cora A. Keim v. I. Harvey Brumbaugh. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to appraisement for debtor's exemption. Before WOODS, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order allowing the exemption.

*W. M. Henderson*, with him *H. H. Waite*, for appellant.—
Exemption cannot be claimed upon a judgment for tort; Edwards v. Mahon, 5 Phila. 531 ; Kenyon v. Gould, 61 Pa. 292.;
Commonwealth v. Brown, 17 Pa. Superior Ct. 520.

Prior to the passage of the procedure act of 1887 the action
for breach of promise of marriage was an action of " trespass
on the case," which was distinctively an action ex delicto : Jaggard on Torts, 18 ; Gring v. Lerch, 112 Pa. 244.

Since the passage of the act of 1887, the action for breach of
promise of marriage should be in trespass : Ellis v. Guggenheim, 20 Pa. 287 ; Weaver v. Bachert, 2 Pa. 80 ; Baldy v.
Stratton, 11 Pa. 316 ; Gring v. Lerch, 112 Pa. 244 ; McFadden
v. Reynolds, 20 W. N. C. 312 ; Craig's Case, 2 Phila. 391.

*W. B. Simpson*, with him *J. R. Simpson* and *Samuel I. Spyker*,
for appellee.—The action for breach of promise of marriage is
always founded upon contract : Shreckengast v. Ealy, 16 Neb.
510 (20 N. W. Repr. 853) ; Malone v. Ryan, 14 R. I. 614 ;
Leckey v. Bloser, 24 Pa. 401 ; Disler v. McCauley, 7 Am.
Bank'cy Rep. 138.

The appropriate action for breach of promise is assumpsit
hence the judgment is " obtained upon contract : " Harding v.
Malcom, 26 Pa. C. C. Rep. 210 ; Donovan v. Foley, 17 Pa.
C. C. Rep. 112 ; Welker v. Metcalf, 209 Pa. 373.

There are no exceptions to the rule that the exemption must
be allowed upon all judgments " obtained upon contract : " Edwards v. Mahon, 5 Phila. 531 ; Kenyon v. Gould, 61 Pa. 292 ;
Smith v. Carter, 17 Phila. 344.

OPINION BY MORRISON, J., December 11, 1905 :

This was, in form, an action in trespass founded upon a
breach of promise of marriage, and it was begun by a capias.
The result was a final judgment in favor of the plaintiff for
$5,000. Upon execution issued on this judgment, the defendant claimed the benefit of the exemption Act of April 9,
1849, P. L. 533, sec. 1.  The sheriff appraised and set aside to
the defendant $300 worth of personal property and on exceptions to this appraisement, the court below overruled the same
and confirmed the appraisement.  The reason, in substance,
given by the learned court is that the recovery was for a

breach of a civil contract to marry. If this conclusion is sound, the decree should be affirmed. The action was in form trespass, but, in substance, it was an action in assumpsit and the damages recovered were for the breach of a contract and for nothing else. We, therefore, quite agree with the court below and we will attempt to vindicate this conclusion.

The act of 1849 provides: " That in lieu of the property now exempt by law from levy and sale on execution, issued upon any judgment obtained upon contract and distress for rent, property to the value of $300, . . . . and no more, owned by or in possession of any debtor shall be exempt from levy and sale on execution or by distress for rent." We are clearly of the opinion that the plaintiff's action ought to have been in assumpsit and the issue made by the plea of non assumpsit. The plaintiff's declaration is the simplest kind of a statement of cause of action in assumpsit. It simply sets up a contract to marry, a breach of said contract by marrying another person and claims damages as a result thereof in the sum of $25,000.

In 1 Bouvier's Law Dictionary, p. 283, we find a discussion of the actions of trespass and assumpsit and that formerly the term trespass included every species of wrong causing an injury, whether it was malfeasance, misfeasance or non-feasance, apparently for the purpose of enabling an action on the case to be brought in the king's bench. It thus includes actions on the case for breach of a parol undertaking, now called assumpsit. As used at the present day, case is distinguished from assumpsit and covenant, in that it is not founded upon any contract, express or implied.

In 1 Chitty on Pleading, p. 102, it is said: " Assumpsit is also the proper remedy for a breach of promise to marry." And in vol. 2 of the same work, under the head of declarations in assumpsit, we find a form on promises to marry.

In 2 Am. & Eng. Ency. of Law (1st ed.), p. 525, it is said : " Breach of promise of marriage is not of itself a fraud, and punishable as such; but if there has been also seduction and an attempt to abscond, it has been held to amount to a fraud. The action is of course an action ex contractu."

In Leckey v. Bloser, 24 Pa. 401, p. 407, it is said: " But the action for breach of promise of marriage, founded as it is

in contract, does not necessarily involve the character of the parties, either for purposes of assault or defense."

In Von Storch v. Griffin, 77 Pa. 504, it is distinctly decided that an action of assumpsit, with a plea of non assumpsit, properly raises the questions to be tried in an action for damages for breach of promise of marriage.

Schubkagel v. Dierstein, 131 Pa. 46, is a case brought in assumpsit to recover damages for an alleged breach of contract to marry. That case was reversed by the Supreme Court because the court below refused offers to prove that this cause of action was included in a settlement by the parties before an alderman.

In Ellis v. Guggenheim, 20 Pa. 287, the action was assumpsit for breach of a promise of marriage and a plea of non assumpsit, etc., and WOODWARD, J., said, p. 289 : " In an action by a woman for breach of a marriage contract, she is bound to prove not only a promise on the part of the defendant, but a promise on her own part. If there be not mutual promises, the contract is void for want of consideration."

In Gring v. Lerch, 112 Pa. 244, there was an action in assumpsit on a promise of marriage and plea of non assumpsit, with leave, etc. The judgment in that case was reversed because the court below did not permit the defendant to prove matters which would relieve him from complying with his civil contract to marry.

We are clearly of the opinion that damages for breach of promise of marriage were recoverable in an action of assumpsit prior to the procedure act of May 25, 1887, and that the action is still assumpsit and not trespass.

Some weight seems to be given, in the argument of this question, to the fact that the defendant was arrested on a capias at the commencement of the action. This can readily be disposed of by reading sec. 1, Act of July 12, 1842, P. L. 339, abolishing imprisonment for debt except in certain cases, among which are actions for breach of promise of marriage. But in our opinion, this in nowise modifies or affects the later exemption act of 1849 which allows exemption in all actions founded upon contract. The appellant cites Gangwere's Appeal, 36 Pa. 466, upon the question of exemption. But

that case relates to a mortgage and the court held that a mortgage is, in its nature, a contract waiver of the right of exemption. Therefore, it has no application to the present question.

Kenyon v. Gould et al., 61 Pa. 292, is also cited. But that was an action of trespass for slander and of course was not founded upon a contract. That case, however, does decide that the act of 1849 abolishes the exemptions provided in the acts of 1828, 1836 and 1846. This clearly shows that the present question is controlled by the act of 1849.

Lane et al. v. Baker, 2 Grant, 424, is also cited, but that case supports no position taken by the appellant. It is, however, a clear authority that the law exempting property from levy and sale on execution extends to cases of debt on contract.

That the present action should have been in assumpsit is ruled in Welker v. Metcalf, 209 Pa. 373.

In our opinion, the present case was founded upon contract as clearly as a case where " A " contracts to sell " B " a quantity of lumber at a stipulated price per thousand and " B " agrees to purchase ; thereafter " A " refuses to comply with his contract, and that " B's " remedy is an action in assumpsit for damages will hardly be disputed by any lawyer. Now, when a man and woman enter into a lawful contract to marry, and one of them is subsequently guilty of a breach of the contract, the remedy of the injured party is an action in assumpsit for damages and the judgments in the two cases, when recovered, do not essentially differ. They are each founded on a breach of contract. It is true the amount of damages in the marriage contract is not as capable of definite proof as on the lumber contract, but when the respective juries have arrived at conclusions, and the courts have approved the same by judgments, they both stand on precisely the same ground in relation to the exemption act of 1849.

The appeal is dismissed and the decree affirmed at the costs of the appellant.