## Garsed *et al. versus* Turner.

1. Garsed contracted to lease Turner a dye-shop, furnish him work, &c., Turner to put in fixtures, which he did, and was ready to perform the work. In a suit by Turner for breach of contract, no points being presented, the court charged, "if the contract was broken by the defendants, the plaintiff is entitled to be put in the same position, pecuniarily, as he would have been if the contract had been kept, regard being had to the fact that the plaintiff soon afterwards obtained other employment:" *Held,* not to be error.

2. Where there is no prayer for instructions, the court cannot be convicted for error except for positive misdirection.

3. The proper measure of damages was the value of the bargain.

4. A general objection to the admission of evidence will not avail unless it appear that the evidence was irrelevant or inadmissible for any purpose.

5. The *competency* of a witness cannot be questioned under a general objection to evidence.

February 12th 1872. Before AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia:* Of July Term 1871, No. 14.

This was an action on the case commenced September 15th 1869, by John B. Turner against Richard B. Garsed, Henry T. Garsed and Alfred W. Garsed, trading as Garsed & Brothers.

The declaration was that in consideration of the plaintiff renting from the defendants two buildings at $400 rent, to carry on dyeing and bleaching, the defendants promised to lease him the buildings, furnish him with water and the machinery in the dye-house, the plaintiff to furnish the additional machinery required, with the right at the end of the lease to remove it, if not purchased by de-

[Garsed *v.* Turner.]

fendants; to give him all the dyeing and bleaching they might require, and pay him at the customary price; to use their influence to obtain for him similar work from others; to give him a lease for five years; that the plaintiff fitted up the premises for dyeing and bleaching and put machinery in them. The plaintiff averred his readiness to perform his part of the agreement, that he had offered to take the buildings and to do the dyeing and bleaching defendants might give him or procure for him and pay the rent: but the defendants would not rent the premises to him or allow him to use them or any of the machinery in them, nor give him dyeing and bleaching work, nor procure him such work from others, nor give a lease of the premises as agreed on. The damages claimed were the amount expended in fitting up the premises and putting in the machinery; loss of profits plaintiff would have made in dyeing and bleaching.

The case was tried January 30th 1871, before Hare, P. J.

The plaintiff testified that he was a dyer and bleacher; in 1869 he met Richard Garsed, who asked plaintiff to take his work of dyeing; said he would give plaintiff a lease of dye-house, drying-house, &c., and all their work, and would do his best to get work from others; plaintiff asked him to put his proposition in writing, which he did by following letter:—

"Philadelphia, February 5th 1869.

"Jno. B. Turner, Esq.:

"Dear Sir: As I feared, I was compelled to go over to New York, hence the delay in answering you. I will rent you the two buildings for dye and bleach house, as they are, furnishing you water, and the use of all machinery now in the dye-house; any additional machinery required you must furnish at your own expense, and at the end of lease,—if we do not agree as to purchasing the same,—you of course are to be at liberty of removing the same.

"I will give a lease for five years, or less, and will give our work so long as it is done satisfactorily, and use every influence to procure work for you. The rent to be four hundred dollars per annum."

Plaintiff told him the letter was satisfactory, and he would come; he took possession May 1st; he was ready and began to fit up the place. He described the machinery which he put in and stated its cost; stated that he hired a man to help him and his wages; the value of plaintiff's own time; he bought drugs and had everything ready; asked defendants several times for work, they said they had none; after being there eighteen weeks he came away; the defendants had his improvements and were using them.

The plaintiff gave other evidence to show his contract, the amount expended, and the damage sustained by him, and generally in support of his case.

The defendants gave evidence in answer to the plaintiff's case.

Several exceptions, not important to specify, were taken by defendants to the admission of evidence.   No points were submitted to the court.

The court charged :—

"If the contract was broken by the defendants, the plaintiff is entitled to be put in the same position, pecuniarily, as he would have been if the contract had been kept, regard being had to the fact that the plaintiff soon afterwards obtained other employment. There is a difficulty in this case, from the fact that the plaintiff had incurred considerable expense in fitting up the dye-house; but still the evidence shows that the defendants were willing that the plaintiff should remove the articles that he put there, so that the only loss in regard to these articles would seem to be the loss of a favorable opportunity of making profit by them."

The verdict was for the plaintiff for $2500.

The defendants took a writ of error.   In two specifications they assigned the charge for error.

*G. M. Dallas, A. D. Campbell* and *J. E. Gowen,* for plaintiffs in error.

*R. P. White* and *G. H. Earle,* for defendant in error.

The opinion of the court was delivered, March 4th 1872, by

Williams, J.—The principal question in this case relates to the proper measure of damages for the breach of the alleged contract. The District Court instructed the jury that "if the contract was broken by the defendants, the plaintiff is entitled to be put in the same position, pecuniarily, as he would have been if the contract had been kept, regard being had to the fact that the plaintiff soon afterwards obtained other employment."   This instruction is complained of as erroneous, because, as contended, it furnished no proper rule by which to measure the damages, being but a general statement of the result to be arrived at, without any teaching as to how that result was to be attained.   Where there is no prayer for instructions, the court cannot be convicted of error except for positive misdirection, though the instructions are not as full and specific as they might have been.   Mere omission to charge, as we have often said, does not amount to misdirection, and where the proper rule has been laid down for the guidance of the jury, the omission of specific instructions to aid them in its application cannot be regarded, or assigned as error.   As no instructions were requested in this case, the only question is, whether the court was guilty of misdirection in instructing the jury that the plaintiff was entitled to be put in the same position, pecuniarily, as he would have been if the contract had been kept.   This was but another mode of saying that the plaintiff was entitled to recover what he

[Garsed *v.* Turner.]

would have made directly out of the contract if it had been fulfilled; and if so, there was no error in the instruction: Hoy *v.* Gronoble, 10 Casey 9. This of course excludes remote or speculative damages. It was conceded on the argument that the proper measure of damages for the breach of the contract was the value of the bargain.

But what was the value of the bargain, if it was not the profit which the plaintiff would have made immediately out of the contract if he had been allowed to perform it ? If the damages found by the jury would have put the plaintiff in the same position, pecuniarily, as he would have been if the contract had been kept, then it is clear that he recovered the value of his bargain, viz., the direct profit which he would have made out of the contract if it had not been broken. We think that the rule laid down by the court as the proper measure of damages was substantially correct, and we cannot say, therefore, that the jury were misled by the terms in which it was expressed. Nor was there any error in saying to the jury that " there is a difficulty in this case from the fact that the plaintiff had incurred considerable expense in fitting up the dye-house; but still the evidence shows that the defendants were willing that the plaintiff should remove the articles that he put there, so that the only loss in regard to these articles would seem to be the loss of a favorable opportunity of making profit by them." This was evidently said for the purpose of preventing the jury from finding as damages the expense incurred by the plaintiff in fitting up the dye-house, and limiting their finding as it respects the articles which the plaintiff put in the dye-house, to the damages occasioned by the loss of a favorable opportunity of making profit by their use in performing the contract. If the improvements which the plaintiff made to the dye-house were necessary in order to enable him to perform the contract, then the loss of a favorable opportunity of making profit by their use was a circumstance proper for the consideration of the jury in determining the amount of damages to which the plaintiff was entitled, and the defendants have no reason to complain of the instruction. Besides, the evidence shows that the expense of fitting up the dye-house far exceeded the value of the articles when removed, and we see no reason why the plaintiff was not entitled to recover the difference. If so, the instruction was more favorable than the defendants had any right to ask. The other assignments relate to the admission of evidence, and need not be particularly noticed. The record shows nothing but a general objection to the admission of the evidence complained of, and we have repeatedly said that such an objection will be of no avail unless it clearly appears that the evidence was not relevant or admissible for any purpose. Nor can any question as to the competency of a witness be raised under such an objection. In this case it does not clearly appear

that the evidence was irrelevant and inadmissible. On the contrary, we think it tended to throw some light on the question of damages, and was, therefore, properly received.

Judgment affirmed.