## Billmeyer, Dill & Co. *versus* Wagner.

Damages for which compensation may be justly claimed and allowed are such only as naturally and ordinarily flow from the breach of the contract complained of. They should be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, or such as might, according to the ordinary course of things, be expected to follow its violation.

June 17th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Union county*: Of May Term 1879, No. 198.

Assumpsit by J. H. Wagner against Billmeyer Dill & Co., to recover the contract price of a car-load of lumber.

The facts in substance were these: On the 7th September 1874, the defendants gave the plaintiff an order to furnish 2274 feet linear measure, white oak timber, and to mark as shipped by defendants to Phillipsburg Manufacturing Company at Hoboken, N. J., price, $27 per thousand. The plaintiff same day accepted the order; and on the 23d of September 1874, notified

the defendants that one car-load was shipped; whereas in fact, it was not shipped until the 26th of September. Whereupon the defendants notified the Phillipsburg Company, which sent a barge to Hoboken, to receive the lumber. It appeared, however, that the plaintiff, instead of furnishing the lumber himself, contracted with the Elimsport Lumber Co., to fill the order; and this latter firm, instead of consigning the lumber to the Phillipsburg Manufacturing Co., at Hoboken, N. J., directed it to the Jersey City Car Shops by way of Rupert station; and in consequence of this misdirection the lumber went to the wrong place, over different railroads, and did not reach its intended destination. The lumber was found by the Phillipsburg Manufacturing Co., on the 10th of October, on a car in the Erie car shops, Jersey City.

The plaintiff sued the defendants to recover the contract price of the car-load of lumber, viz. : $169.91; and the defendants set up as a defence that the damages to them by reason of the delay occasioned by the misdirection of the lumber, was equal to the amount of the plaintiff's bill, and therefore denied his right to recover.

It appeared that $52.20 additional freight was incurred by reason of the misdirection. The defendants also claimed that they were entitled to set off $126, which they had been charged by the consignee as compensation to the latter for expenses incurred in sending a barge to Hoboken to receive the lumber, and for wages paid to a foreman who was kept idle some ten or fifteen days for the want of the lumber. There was no evidence to show that plaintiff was informed that the barge was to meet the lumber, nor that a foreman would be out of employment unless the contract was performed.

The court, Junkin, P. J., of the Forty-first Judicial District, rejected the evidence in relation to this detention of the barge and the pay of the foreman, and instructed the jury that they should exclude both from their consideration. The verdict was for the plaintiff for $105.08, when defendants took this writ, and, inter alia, assigned for error the rejection of the above testimony and the instruction of the court.

*Linn & Dill*, for plaintiffs in error.—The loss complained of arose from the reliance which the defendants placed upon the plaintiff's fulfilment of his contract.

The true measure of damages is the actual loss which the vendee sustains by not receiving the advance on his contract price upon any contracts which he had made in reliance upon the fulfilment of the contract by the vendor : McHose v. Fulmer, 23 P. F. Smith 367; Collins v. Baumgardner, 2 Id. 461. The incurring of the expense was reasonable, relying on the truth of the plaintiff's representations as to the time of shipment and consignment:

Fisher *v.* Val de Travers Asphalte Co., 3 N. Y. Weekly Digest 366; Bennett *v.* Lockwood, 20 Wend. 223; Hadley *v.* Baxendale, 26 E. L. & E. 398; Dingee *v.* Hare, 7 C. B. N. S. 145.

*Wolfe & Wilson* and *P. Hackenberg*, for defendant in error.

Mr. Justice STERRETT delivered the opinion of the court, October 6th 1879.

The contract between the parties was broken by the plaintiff below, in at least two particulars. Instead of consigning the lumber according to agreement, to the Phillipsburg Manufacturing Co., Hoboken, New Jersey, his agent, by mistake, sent it to the Jersey City Car Shops, in consequence of which it was delayed, and increased freight charges were incurred. He also agreed to to notify defendants when the lumber was loaded on cars, ready to move, so that they might promptly advise the Phillipsburg Manufacturing Company of the shipment. In this, also, a mistake occurred in notifying them two or three days before the lumber was actually loaded. These breaches of agreement, on the part of the plaintiff below, resulted in several days' delay in the receipt of of the lumber by the consignees, and consequent disappointment and outlay for which they demanded compensation in damages from defendants below, with whom they had contracted for the delivery of the lumber. The defendants in turn claimed to set-off against the plaintiff's bill the damages to which they had thus been subjected, as they alleged, by plaintiff's default.

One of the items of set-off was the excess of freight incurred by the misconsignment. This the consignees were compelled to pay in addition to what would have been required if the lumber had been properly consigned, and hence they were entitled to be reimbursed by the defendants below. It was conceded to be a proper matter of set-off, and was accordingly allowed.

Another demand made by the manufacturing company on defendants, and by them claimed as a set-off against plaintiff's bill, was for detention of a barge at Hoboken, awaiting the arrival of the lumber, and wages paid their foreman, during the time he remained idle for want of the lumber. Testimony tending to prove these allegations was offered and excluded by the court, and the jury were instructed to disregard these items of set-off, on the ground that they were too remote and not reasonably within the contemplation of the parties at the time they entered into the contract.

Damages for which compensation may be justly claimed and allowed are such only as naturally and ordinarily flow from the breach of contract complained of. They should be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, or such as might according to the ordinary course of things be expected to follow its violation

[Billmeyer v. Wagner.]

Sedgwick on Damages 78–9 ; Hadley v. Baxendale, 9 Exch. 341 ; Griffen v. Colver, 16 N. Y. 489.

If the plaintiff had been informed that the delay of a few days in the receipt of the lumber by the consignees would be likely to involve the defendants in damages of such a special nature as those claimed, exceeding, as alleged in this case, the value of the lumber furnished by the plaintiff, or if he might reasonably have supposed that such would be the probable consequences, there would be some reason and justice in holding him chargeable therewith.    But there is nothing to show that the plaintiff had such information as to the plans and purposes of the consignees as would lead him to contemplate such consequences as are alleged to have resulted from the detention of the lumber.    It is difficult to see how it could have entered into the contemplation of the parties that the manufacturing company's barge would be delayed at Hoboken, without being used or required for any other purpose, or that the foreman would be unemployed for want of lumber, and yet be entitled to demand full wages.    The business of manufacturing companies is not ordinarily so conducted that such consequences would be at all likely to result from a brief delay in the consignment of stock or materials.    They may well be considered too remote and exceptional.

The general rule is, that on failure to deliver according to contract, the vendee has a right to supply himself in the market, and the measure of damages will be the difference between the necessary cost of the article and the contract price.    In view of the circumstances disclosed by the testimony, we cannot say that any error was committed by the court, either in rejecting the testimony complained of or in charging the jury not to allow damages for detention of the barge or for wages of the foreman.

The jury were instructed to take into consideration, the loss, trouble and expense to which defendants were subjected by reason of plaintiff's default, and make a fair allowance for the same, together with the excess of freight which they were required to pay to the Phillipsburg Manufacturing Company.    This was all they were fairly entitled to claim.

Judgment affirmed.