IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1890.

ISAAC HUTCHINSON v. JOHN SNIDER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF FAYETTE COUNTY.

Argued May 13, 1890—Decided October 6, 1890.

1. Damages for the breach of a contract, for which compensation may be justly claimed and allowed, must be such as may fairly be supposed to have been in the contemplation of the parties when they made their contract, or such as, according to the ordinary course of things, might be expected to follow its violation: Billmeyer v. Wagner, 91 Pa. 92.
2. When three persons agree that each shall drill an oil well on his own land at his own expense, but that all shall share equally in the production, one of them, who drills on his own land an unproductive well, may not recover from another, who drills no well, damages to be measured by one third of the money expended in the experiment.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 365 January Term 1890, Sup. Ct.; court below, No. 42 June Term 1887, C. P.

On March 19, 1887, Isaac Hutchinson brought covenant against John Snider. Plea, covenants performed, absque hoc.

Statement of Facts.

Before trial, the death of the defendant was suggested, and his executors, John and Edward Snider, substituted.

At the trial on February 18, 1890, the plaintiff proved and put in evidence an agreement in writing, under seal, executed by Isaac Hutchinson, John Snider and Basil Brownfield, of date December 19, 1864, as follows:

"The said Isaac Hutchinson hereby agrees with the said Snider and Brownfield that he will sink a well at Hutchinson's Mill, in said township, county and state, for the purpose of procuring therefrom oil or petroleum, and if successful in getting oil or petroleum, for the consideration hereinafter mentioned the said Hutchinson doth hereby bind himself, his heirs, executors and administrators, to deliver to said John Snider the one twentieth of the oil or petroleum taken from said well, the said Snider to furnish the barrels, and to take the oil at the well; and also to said Basil Brownfield the one twentieth of the oil or petroleum taken from said well, he to furnish the barrels and take the oil at the well, the consideration whereof will be hereinafter mentioned. And the said John Snider hereby agrees to and with the said Hutchinson and with the said Brownfield to sink a well at Snider's Furnace, in said township, for the purpose of procuring oil or petroleum, and if successful in getting oil or petroleum, for the consideration hereinafter mentioned the said Snider doth hereby bind himself, his heirs, executors and administrators, to deliver at the said well to said Isaac Hutchinson the one twentieth of the oil or petroleum taken from the said Snider's well, the said Hutchinson to furnish the barrels for the same; and said Snider agrees to deliver at his said well to said Brownfield the one twentieth of the oil or petroleum taken from said well, the said Brownfield to furnish the barrels to hold said oil or petroleum. And the said Basil Brownfield hereby agrees to and with the said Isaac Hutchinson and John Snider, by these presents, that he the said Brownfield will sink a well at the tannery of Zadoc Brownfield, in George township, in said county, for the purpose of procuring oil or petroleum, and if successful in getting oil or petroleum, the said Brownfield hereby binds himself, his heirs, executors and administrators, to deliver at said well to said Hutchinson the one twentieth of the oil or petroleum taken from the said well of said B. Brownfield, said Hutchinson to

furnish the barrels to hold the said oil or petroleum of his share ; and also to deliver at said well to said Snider the one twentieth of the oil or petroleum taken from said well, the said Snider to furnish the barrels to put his portion in. And in order to the sinking of the well aforesaid, the parties aforesaid hereby agree to purchase a set of boring tools and ropes, and they each hereby agree to pay the third of the cost of the same delivered at Hutchinson's Mill aforesaid, and to be joint owners of the tools and ropes when purchased, each of the said parties to be at the expense of putting down the well at their premises, as follows : The said Hutchinson to be at all the expense of sinking his well ; the said Snider to be at all the expense of sinking his well ; the said Brownfield to be at all the expense of sinking his well ; each party to keep the tools in order while using them in boring said wells ; all of the said wells to be bored or sunk to such depth as satisfies the borer or owner of each well that there is no oil or petroleum to be obtained. . . . . All of said wells are to be sunk within two years of the date hereof, and the interest of the said Basil Brownfield and John Snider shall continue for the period of thirty years in the well of the said Isaac Hutchinson, from the time he commences boring said well ; and the interest of the said Basil Brownfield and Isaac Hutchinson in the well of the said John Snider shall continue for a period of thirty years from the time he commences boring his said well ; and the interest aforesaid of the said I. Hutchinson and J. Snider in the well of the said Brownfield shall continue for the period of thirty years after he commences boring the same. And for the true performance of the agreements and covenants aforesaid, each of the said parties doth hereby bind himself, his heirs, executors and administrators unto the others, their heirs or assigns, in the penal sum of one hundred thousand dollars lawful money of the United States. In witness whereof. . . . ."

The plaintiff then offered his deposition taken during the lifetime of John Snider, showing that in the summer and fall of 1865 he had purchased a set of tools and drilled a well on his own farm to the depth of 768 feet, when it was abandoned, as the plaintiff was satisfied there was no oil·to be obtained ; *

---

* Oil is found in " paying quantity " in Washington county, adjoining Fayette, at the depth of about 2,300 feet.

Charge of Court below.

that the cost of the well, not including the plaintiff's labor was $3,000; that neither Snider nor Brownfield ever put down a well; that the plaintiff, in November, 1865, notified Snider to proceed to bore his well, and offered him the tools for the purpose but he declined.

The defendant objected to so much of the deposition as stated the cost of the well, as not showing the proper measure of damages.

By the court: Objection overruled; exception.[1]

Testimony on the part of the defendant was introduced, showing that the defendant had paid the plaintiff $132.70, as the defendant's share of the cost of the tools used by the plaintiff, which was all the plaintiff ever demanded until the present suit was brought.

At the close of the testimony, the court, INGHRAM, P. J., charged the jury in part as follows:

On the part of the plaintiff, we have been requested to instruct you:

1. That the measure of damages in this case is the one third of the actual cost of sinking the well, with interest thereon from December 19, 1866.

Answer: As we have just instructed you, the proper measure of damages, if you should find for the plaintiff, would be the one third of the actual cost of sinking the well, and you may add thereto interest upon that sum from the time the right of action accrued, December 19, 1866, down to this time; not as interest, however, but as damages. With that explanation, the point is correct and is affirmed.[4]

On the part of the defendant we are requested to instruct you:

4. That, under all the evidence and pleadings in the case, the plaintiff is entitled to recover only nominal damages.

Answer: Refused.[2]

5. That under the evidence in the case, the plaintiff is not entitled to recover, and the verdict should be for the defendants.

Answer: Refused.[3]

—The jury returned a verdict in favor of the plaintiff for $1,100. Judgment having been entered, the defendant's executors took this appeal, assigning for error:

Opinion of the Court.

1. The admission of plaintiff's offer.[1]
2, 3. The answers to defendant's points.[2] [3]
4. The answer to plaintiff's point.[4]

*Mr. W. H. Playford*, for the appellants.

Counsel cited: Billmeyer v. Wagner, 91 Pa. 92; Sausser v. Steinmetz, 88 Pa. 327.

*Mr. A. D. Boyd*, *Mr. R. E. Umbel* and *Mr. Geo. B. Hutchinson*, for the appellee.

Counsel cited: Sedgwick on Damages, § 58; Armstrong v. Percy, 5 Wend. 535; Gee v. Railway Co., 6 H. & N. 211.

OPINION, MR. JUSTICE STERRETT:

This action of covenant, brought by Isaac Hutchinson against the executors of John Snider, deceased, is grounded on the tripartite agreement, executed in December, 1864, between said Hutchinson and Snider and Basil Brownfield, wherein each of said parties agreed with the other two to put down a well on his own land for the purpose of procuring therefrom oil or petroleum, and, if successful, bound himself to deliver to each of them one twentieth of the oil or petroleum taken from said well, etc. For the purpose of prosecuting the work, the agreement further provides, inter alia, that the parties shall jointly purchase and hold a set of boring tools and ropes; that each shall "be at the expense of putting down the well on their own premises, as follows: The said Hutchinson to be at all the expense of sinking his well; the said Brownfield to be at all the expense of sinking his well; the said Snider to be at all the expense of sinking his well; each party to keep the tools in order while using them in boring said wells. . . . . All of said wells are to be sunk within two years;" and the interest of one twentieth in the well put down by each party, above provided for, shall continue for thirty years from the time he commences boring said well.

Shortly after the agreement was executed, Hutchinson put down a well to the depth of 768 feet, without finding oil or any indication thereof. Neither Snider nor Brownfield ever commenced to bore on their respective lands, presumably because it became manifest that oil could not be found in the county;

and, in fact, after the lapse of nearly a quarter of a century, none has been found. In 1866, Snider paid Hutchinson his full share of the cost of the tools and ropes.

Nearly twenty years after the right of action accrued, this suit was brought to recover damages for breach of Snider's covenant to put down the well. On the trial, it was successfully claimed that the proper measure of damages was one third of Hutchinson's actual outlay in putting down his well, with interest, etc., and the specifications of error all relate to that question. The first is to the admission of evidence to prove the cost of putting down Hutchinson's well; the second and third, to the refusal of the court to charge that plaintiff was not entitled to recover; and the fourth, to that part of the charge wherein the jury was instructed that, in case they found for plaintiff, the proper measure of damages " would be one third of the actual cost of sinking the well," etc. There appears to have been no evidence whatever to which any other measure of damages could apply.

It is unnecessary to consider the assignments of error separately. The single question involved in all of them is whether the learned president of the Common Pleas did not err in his rulings as to the proper measure of damages. We are clearly of opinion that he did. In view of the express provision of the contract that Hutchinson, as well as each of the others, should " be at all the expense of sinking his well," that is, the well on his own land, there appears to be no possible connection between the failure of Snider to put down a well on his land, and the outlay of plaintiff in putting down his well. The latter cannot, in any sense, be regarded as the result, directly or indirectly, of Snider's breach of covenant. They are wholly independent of each other. The only interest that plaintiff had, under the contract, in the well that Snider agreed to put down, was one twentieth of the oil that might be obtained. If plaintiff had been able to show that he sustained any loss, in that regard, in consequence of Snider's failing to do what he agreed to perform, to that extent he would have been entitled to recover. But no evidence tending, in the slightest degree, to prove any such loss was introduced, and without it plaintiff was not entitled to recover. Nothing is better settled than that damages, for which compensation may be justly claimed

and allowed, are such only as naturally and ordinarily flow from the breach of contract complained of. They must be such as may fairly be supposed to have entered into the contemplation of the parties when they made their contract, or such as might, according to the ordinary course of things, be expected to follow its violation: Billmeyer v. Wagner, 91 Pa. 92; Griffin v. Colver, 16 N. Y. 489; Sedgwick on Dam., 78, 79. Further elaboration of the subject is unnecessary. The specifications of error are sustained.

Judgment reversed.

——•——

137     7<br>32 SC °342

