193      309
  25 SC  169
193     309
41SC  19

## Porter Kinports *v.* George B. Breon, Appellant.

*Contract—Sale—Personal property—Measure of damages.*

Where a person sells all of the merchantable timber on a tract of land and guarantees that the total amount will not be less than a specified number of feet, but he is not able to deliver the whole amount because the land did not contain it, the measure of damages is the difference between the contract price of the logs not delivered and the market price, at the place of intended delivery, at the time of the default; and if the vendee fails to prove that timber of the kind sold could not have been procured in place of that not delivered, and offers no evidence of the market value of the timber at the place of delivery, he does not show that he has sustained damages at all.

Argued Oct. 10, 1899.   Appeal, No. 128, Oct. T., 1899, by defendant, from judgment of C. P. Cambria Co., March T., 1898, No. 148, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.   Affirmed.

Assumpsit for lumber sold and delivered.

The facts appear by the opinion of the Supreme Court.

Defendant's points and the answers thereto among others were as follows:

3. The measure of damages in this case would be the difference between the price of the timber in saw logs under the contract and the cost and expense incident to manufacturing the same into lumber and loading on the cars at the mill and the market price of the lumber at that place.  *Answer:* This point is denied. [1]

4. The loss of profits where the same is the result of the failure to fulfil the requirements of a contract, and are the direct

and immediate fruits thereof, may be compensated in damages. *Answer:* This point, as a proposition of law, is affirmed; but under our instructions as to the measure of damages, it has no application. [2]

5. If the jury believe from all the evidence that the plaintiff failed to furnish hemlock logs as requested and desired by the defendant, and that the total quantity furnished was short of the guaranty, the defendant would be entitled to be compensated in damages for the quantity not furnished, and the profits that he would have realized therefrom would be the proper mode of ascertaining the amount of the damages sustained. *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $6,446.13. Defendant appealed.

*Errors assigned* among others were (1–3) above instructions, quoting them.

*A. A. Stevens,* with him *Alvin Evans, J. W. Leech, G. L. Owens* and *W. L. Pascoe,* for appellant.—Defendant was entitled to set off profits : Masterton v. Mayor, etc., of Brooklyn, 7 Hill (N. Y.), 61 ; Hoy v. Gronoble, 34 Pa. 9 ; Adams Express Co. v. Egbert, 36 Pa. 360 ; McHose v. Fulmer, 73 Pa. 365 ; Culin v. Woodbury Glass Works, 108 Pa. 220 ; Imperial Coal Co. v. Port Royal Coal Company, 138 Pa. 45 ; Pittsburg Coal Co. v. Foster, 59 Pa. 365.

*P. J. Little,* with him *M. D. Kittell,* for appellee.—Plaintiff contends that the measure of damages in this case is the difference between the contract price of logs at the time when Kinports agreed to deliver them at the place where they were to be delivered, and their market value at the same time and place : Fessler v. Love & Powell, 48 Pa. 407 ; Theiss v. Weiss, 166 Pa. 9 ; Bussy v. Donaldson, 4 Dallas, 206 ; Forsyth v. Palmer, 14 Pa. 97 ; Arnold v. Blabon, 147 Pa. 372 ; Billmeyer, Dill & Co. v. Wagner, 91 Pa. 92.

Loss of profits on manufactured lumber cannot be the measure of damages by reason of default in a contract to deliver logs, for the reason that such profits were contingent, uncer-

tain and too remote, and do not constitute a proper measure of damages: Haak v. Wise, 2 W. N. C. 689; Huling v. Hugg, 1 W. & S. 418; Pennell v. Grubb, 13 Pa. 552; Roig v. Tim, 103 Pa. 115; Gunnis v. Cluff, 111 Pa. 512; McCauley v. Keller, 130 Pa. 53; Woeckner v. Motor Company, 187 Pa. 206.

OPINION BY MR. JUSTICE FELL, October 30, 1899:

The plaintiff sold and agreed to deliver to the defendant at his sawmill all of the merchantable timber on a tract of 800 acres of land, and he guaranteed that the total amount would be not less than 9,000,000 feet. The tract did not contain the amount of timber guaranteed, and the plaintiff was unable to deliver more than 5,610,518 feet. In an action to recover the balance of the contract price for the amount delivered, the defendant sought to defalk or set off damages alleged to have been sustained by him because of the failure of the plaintiff to deliver the full amount. At the trial the right of set-off was not denied, and the main subject of dispute was the rule for measuring the damages, if any, which the defendant had suffered by reason of nondelivery. The plaintiff's contention was that the measure of damages was the difference between the contract price and the market price of the logs at the place of delivery at the time of the default, and that of the defendant was that he was entitled to the profits which he would have realized from the manufacture and sale of the lumber.

Undoubtedly the general rule is that contended for by the plaintiff. In an action for a breach of contract, the loss for which a recovery may be had must be the direct and proximate consequence of the breach, and so connected with the stipulation as to have been in the contemplation of the parties when the contract was made: Adams Express Co. v. Egbert, 36 Pa. 360; Billmeyer v. Wagner, 91 Pa. 92. In the opinion in the case last cited a clear and comprehensive statement of the rule is made by the present chief justice: " Damages for which compensation may be justly claimed and allowed are such only as naturally and ordinarily flow from the breach of contract complained of. They should be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, or such as might according to the ordinary course of things be expected to follow its violation."

The measure of damages for the failure to deliver personal property sold is generally the difference between the contract price and the market price at the time of the breach: Fessler v. Love, 48 Pa. 407; McHose v. Fulmer, 73 Pa. 365; Arnold v. Blabon, 147 Pa. 372; Theiss v. Weiss, 166 Pa. 9. A different rule may be adopted where it appears from the terms of the contract or from the proof of circumstances that this measure would be inadequate or impossible of application.

There is nothing in the contract in this case from which it could be inferred that the parties contemplated a different rule; and if there was anything outside of the contract which would make the application of the general rule inequitable or impossible, it was not shown. Nor was there any evidence to justify a recovery under the general rule. The defendant did not attempt to prove that logs of the kind sold could not have been procured in place of those not delivered by the plaintiff, and he offered no evidence of the market value of timber at the place of delivery. There was then no reason presented to the court for the application of any rule other than the general one, and there was no evidence to justify a recovery under that.

The judgment is affirmed.