# Raby, Incorporated, *v.* Ward-Meehan Company, Appellant.

*Contracts—Sales—Breach—Measure of damages—Special damage—Loss of profits—Idleness of defendant's mill—Notice—Knowledge—Contract price—Market value—Affidavit of defense—Insufficient averments.*

1. The general rule governing the measure of damages for breach of contract is that they are such as may 'be fairly and reasonably considered as naturally arising from the breach according to the usual course of business and under circumstances contemplated by the parties at the time the contract was entered into; but damages resulting from particular circumstances connected with the transaction cannot be recovered unless such circumstances were known to the defaulting party to the contract and were such as may be supposed to have entered into the contemplation of the parties.

2. The measure of damages to a purchaser for the failure of the vendor to deliver goods according to contract is the difference between the contract price and the market value of the article at the time and place of delivery.

3. In an action on a book account for goods sold and delivered where defendant attached to its affidavit of defense copies of writings under which it alleged the goods were delivered and which it contended were the contracts in the case upon which suit should have been brought, but where it appeared that the writings were not orders but simply confirmations of sales, sent out by plaintiff in accordance with the usual business custom to acknowledge orders received, whether verbally or in writing, and where there was nothing in the affidavit to show whether the orders which had been given were in writing or merely verbal, the court properly entered judgment for want of a sufficient affidavit of defense for the amount claimed, less the excess over the contract price defendant claimed it was obliged to pay to procure in the market goods in place of those not delivered.

4. In such case a counter-claim for damages resulting from the closing of the defendant's mill because of plaintiff's failure to deliver other materials ordered, was properly disallowed where there were no averments that plaintiff knew that his failure to deliver the materials would result in the stoppage of defendant's mill, or that defendant was unable to procure other goods in the open market, or of anything to indicate special circumstances from which it could be inferred that the parties contemplated anything

beyond the usual measure of damages resulting from breach of contract to deliver the goods.

Argued April 2, 1918.   Appeal, No. 251, Jan. T., 1917, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1917, No. 826, for plaintiff, for want of sufficient affidavit of defense, in case of Thomas Raby, Inc., a corporation, v. Ward-Meehan Company, a corporation.   Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear in the opinion of the Supreme Court.

The court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense and assessed damages at $3,215.38.   Defendant appealed.

*Error assigned* was the judgment of the court.

*M. D. Hayes,* with him *William H. Wilson* and *Francis M. McAdams,* for appellant.

*Alex. Simpson, Jr.,* with him *Clinton O. Mayer,* for appellee.

OPINION BY MR. JUSTICE FRAZER, June 3, 1918:

Defendant appeals from a judgment entered in favor of plaintiff for the portion of the claim as to which the affidavit of defense was deemed insufficient.

The action is on a book account for goods sold and delivered amounting to $5,280.83, a copy of the account being attached to the statement of claim.   The affidavit of defense denies defendant "ordered or received any goods whatsoever from plaintiff upon an open book account, but avers that the items charged to plaintiff in the book account......were bought by virtue of written con-

tracts hereinafter more fully recited in the statement of counter-claim" and concluded with a denial that defendant "is indebted to plaintiff in any sum whatsoever for goods purchased through an open account." No denial, however, is made that defendant received the goods or that the prices charged were proper. The counter-claim avers written contracts were entered into between plaintiff and defendant on the dates specified, whereby the former agreed to deliver to the latter certain merchandise, that on several of the contracts plaintiff refused to deliver the entire order, while on others no deliveries were made; in consequence of such default defendant was forced to resort to the open market and procure the goods at a price in excess of the contract price, specifying amounts and prices, resulting in a total loss to defendant of $2,138.49. Defendant also claims a further loss of profits by reason of being obliged to discontinue the use of forty looms, during a period of two months, owing to the refusal of plaintiff to comply with the terms of his various contracts, the total claim for damage in this respect being $2,880.

As to the loss resulting from the increased price defendant was obliged to pay for the goods in the open market, the court below correctly held the affidavit presented a good defense, the rule being that the measure of damage to a purchaser for the failure of the vendor to deliver goods according to contracts is the difference between the contract price and the market value of the article at the time and place of delivery: Morris v. Supplee, 208 Pa. 253; Honesdale Ice Co. v. Lake Lodore Imp. Co., 232 Pa. 293. This rule is embodied in Section 67 of the Sales Act of May 19, 1915, P. L. 543, 562.

The main contention of defendant is that the contracts were entire for the delivery of specific goods and no recovery can be had by plaintiff without showing complete performance, or that performance was prevented by defendant. Conceding the general rule the present case does not appear from the affidavit of defense to be

within the authorities cited by defendant. In the first place, the alleged special contracts relied upon and attached to the affidavit of defense do not require plaintiff to declare on them specially instead of the book account for goods sold and delivered. The writings set out are not orders, but merely confirmation of sales, apparently sent by plaintiff in accordance with a usual business custom to acknowledge orders received, whether verbally or in writing, for the purpose of avoiding mistakes as to quantity, price, description or otherwise. We find nothing in the affidavit to show whether the orders in this case were in writing or merely verbal. Had plaintiff's action been brought on the exhibits as contracts, defendant might well argue the statement is defective on its face as being an action on mere self-serving declarations made by plaintiff, and without signature or assent on part of defendant. The transaction was evidently one occurring in the ordinary course of business dealings between the parties, and in our examination of the affidavit of defense we fail to find any averment warranting the conclusion that the subject-matter of the sale is not the proper subject of the book account. The action, accordingly, was properly brought: Vallee Bros. Electrical Co. v. North Penn Iron Co., 32 Pa. Superior Ct. 111.

The alleged written contracts being eliminated, the affidavit of defense presents nothing to prevent the entry of judgment for the amount of goods sold, less the excess defendant was obliged to pay to procure in the market undelivered goods; the entry of judgment for plaintiff for the difference was, consequently, proper unless defendant should be entitled to set off the further claim for loss by reason of inability to operate its looms owing to delay in obtaining materials.

The general rule governing the measure of damages for breach of contract is that they are such as may be fairly and reasonably considered as naturally arising from the breach according to the usual course of busi-

ness, and under circumstances contemplated by the parties at the time the contract was entered into. Damages, however, resulting from particular circumstances connected with the transaction cannot be recovered unless such circumstances were known to the defaulting party to the contract and were such as may be supposed to have entered into the contemplation of the parties. This is the rule established by the leading English case of Hadley v. Baxendale, 9 Exch. 341, where the court held the carrier was not liable for damages incident to the stopping of plaintiff's mill during the period of delay in the delivery of a part of a machine sent for repairs and transported by defendant, in absence of evidence of defendant being advised the stoppage of plaintiff's mill was due entirely to the broken shaft and loss of profits would result from delay on its part to make prompt delivery. The principle laid down in that case has been followed by Pennsylvania courts in Adams Express Co. v. Egbert, 36 Pa. 360; Billmeyer, Dill & Co. v. Wagner, 91 Pa. 92; Hutchinson v. Snider, 137 Pa. 1; Kinports v. Breon, 193 Pa. 309, and many others. We find no averment, in the affidavit of defense or counter-claim, of plaintiff having knowledge that his failure to deliver the materials would result in the stoppage of defendant's mill, nor an averment of defendant's inability to procure in the open market goods to take the place of those plaintiff failed to deliver. As matter of fact, the counter-claim expressly states defendant did purchase in the market other goods at an increased price, and the claim for loss by reason of such increased price has been allowed in full by the court below. There being nothing to indicate special circumstances from which could be inferred the parties contemplated anything beyond the usual measure of damage resulting from breach of contract to deliver goods, this item of damage cannot be considered.

The judgment is affirmed.