## Dairymen's Co-operative Sales Association, Appellant, *v.* McCreary.

Argued April 21, 1938. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

526

*A. E. Kountz*, with him *C. A. Fry*, of *Kountz & Fry*, and *Graham & Dilley*, for appellant.

No appearance was made, nor brief filed for appellee.

OPINION BY RHODES, J., September 28, 1938:

Plaintiff brought this action in assumpsit against defendant to recover for milk sold and delivered to defendant. Plaintiff is a corporation, engaged in the selling of milk produced by about 14,000 members or dairy farmers to about 100 milk dealers or distributors. Defendant was a retail dealer, who, on October 21, 1932, signed a contract with plaintiff by the terms of which he was to buy his milk supply from plaintiff at prices determined by various provisions of the contract. To the plaintiff's statement, defendant filed an affidavit of defense in which he admitted the correctness of plaintiff's computations, but disclaimed liability on the basis of a counterclaim. Defendant, in his counterclaim, averred that plaintiff violated its contract with defendant by allowing certain companies named, and others unknown, rebates on the milk purchased by them under contracts with plaintiff; that plaintiff permitted other dealers to sell milk to consumers or to other retail dealers at prices below those established by plaintiff; that, in order to meet competition of others operating under buyer's agreements with plaintiff, defendant was compelled to sell at prices whereby he sustained a loss of 46 cents per hundredweight of all milk purchased from plaintiff and sold to consumers from November 1, 1932, to April 1, 1934; that defendant notified plaintiff that he would require plaintiff to assume 20 cents per hundredweight of the loss sustained by him. Plaintiff filed a reply. Amendments to the affidavit of defense and counterclaim were filed shortly before trial, which had the effect of changing the word "members" in the original counterclaim to "parties

operating under buyer's agreements." Defendant was not a member of plaintiff association.

The jury returned a verdict for defendant for the excess of defendant's counterclaim over the amount of plaintiff's demand. Plaintiff's motions for judgment n. o. v. and for a new trial were dismissed by the court below, and judgment entered on the verdict. Plaintiff has appealed.

A counterclaim is regarded as defendant's statement of claim (Act of May 14, 1915, P. L. 483, §15, as amended, Act of April 22, 1929, P. L. 627, §3, 12 PS §451; *Riling v. Idell et al.,* 291 Pa. 472, 140 A. 270), and the averments therein must be as certain and specific as those in a statement of claim *(Michelin Tire Co. v. Schulz,* 295 Pa. 140, 145 A. 67). See *National Cash Register Co. v. Ansell et al.,* 125 Pa. Superior Ct. 309, 189 A. 738. The trial proceeded on the theory of an alleged breach of contract on the part of plaintiff, for which breach defendant sought to recover resulting damages. This was the expressed view of both the trial judge and defendant's counsel.

The burden was on defendant to establish a prima facie case, but this was not accomplished by the introduction of evidence that had no relevancy to the issues being tried. Much testimony was admitted over objection of plaintiff's counsel that was clearly inadmissible.

It appears from defendant's own testimony that any loss which he sustained in his operations was due to a price war with which plaintiff was in no way connected. Those who were responsible for the competition which defendant alleged that he was obliged to meet were not even customers of plaintiff. "The damages ordinarily recoverable are those necessarily following the breach, which the party guilty of the breach must be presumed to know would be the probable consequence of his failure: 2 Greenl. Ev. §253. This rule is well expressed

by STRONG, J., in *Adams Express Co. v. Egbert*, 12 Casey 364. They must be a proximate consequence of the breach, not merely remote or possible. There is no measure for losses of the latter kind": *Pittsburg Coal Co. v. Foster et al.*, 59 Pa. 365, at page 369. See, also, *Fleming v. Beck*, 48 Pa. 309; *McConaghy v. Pemberton & Co.*, 168 Pa. 121, 31 A. 996.

Plaintiff did not contract to control retail prices, and the trial judge properly charged the jury that there was no evidence produced that plaintiff had anything to do with the retail price of milk. In the absence of proper proof that some breach of the contract between plaintiff and defendant caused defendant's loss, the judgment cannot be sustained.

Defendant called as a witness one Pettibon, a milk dealer. He was not a competitor of defendant. This witness testified that he received his milk directly from the producing members of plaintiff association; that over a period of time he refused to pay to the producing members who delivered milk to him the regular rate, but deducted 20 cents per hundredweight. He further testified that this reduction was taken without any authorization from plaintiff. He made his payments directly to the producing members who delivered the milk. Subsequently plaintiff made an adjustment in the amount of $64 with the producing members who delivered their milk to Pettibon. Such alleged rebate was not shown to have been in any way responsible for defendant's loss, and there was proof of no other. Purely speculative damages or those based upon merely fanciful conceptions cannot be recovered. It should be apparent that defendant cannot recover from plaintiff such a percentage of his loss as he may arbitrarily fix for plaintiff to pay; and on the question of damages in such a case the trial judge in his charge should be governed by the established principles. See *Spiese v. Mutual Trust Co. et al.*, 258 Pa. 414, 102 A. 119; *Raby,*

*Inc., v. Ward-Meehan Co.,* 261 Pa. 468, 104 A. 750; *Weinglass v. Gibson,* 304 Pa. 203, 155 A. 439.

In the opinion of the court below refusing plaintiff's motions for judgment n. o. v. and for a new trial it is stated that defendant's counterclaim was not for damages, but for overpayment. We find no support for this assertion in the pleadings or in the evidence produced at the trial. It is in conflict with the record.

We find the record in this case in a state of confusion. The court below in its opinion said, "The confusion in this case arises principally from the pleadings"; while counsel for plaintiff in his brief states, "This record is highly confused," and is "difficult to follow."

Under the circumstances, we deem it advisable that the case be retried.

Judgment of the court below is reversed, with a venire.