Siegel *v.* Struble Brothers, Inc., Appellant.

Argued April 29, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Sidney J. Watts,* of *Baker & Watts,* for appellant.

*Morris J. Pollack,* with him *Samuel Silverman,* for appellee.

OPINION BY HIRT, J., September 30, 1942:

Plaintiff bought a heating system, consisting of a furnace, a humidifier and an air conditioning unit, from the defendant. By the terms of the contract defendant agreed to supply the equipment and to install it in plaintiff's house. There were no defects in design or materials and the various units of the system complied with standard engineering practices. The system would have operated in harmony if it had been properly installed. The proofs indicate that defendant was negligent in this respect. The humidifier pan, intended to be level, was set up in a tilted position with the water level at the lower end below the overflow pipe. The result was a constant dripping of water to the hot interior of the furnace; with the pan in this position the automatic control of the water supply could not operate. As a consequence, excess steam and moisture were discharged into the house, which caused a buckling of the wood floors, cracking of the plaster and breaking of the bond, loosening of the wallpaper, and warping of the woodwork. The defective installation was concealed by the outer shell of the furnace and for that reason was not observed by plaintiff. When she noted that the unit was not operating properly she notified defendant but nothing was done.

The agreement with defendant implied proper installation and the damages to plaintiff's house were the proximate consequence of defendant's breach of its

contract. Plaintiff was seriously damaged. Several building contractors testified as to the cost of restoring the house to its former condition. Their estimates ranged from $975 to $1,225. The jury found for plaintiff in the sum of $700.

This action was in assumpsit; two questions are raised in this appeal: (1) Whether plaintiff is limited to nominal damages because of the form of her action and (2) whether defendant is entitled to a new trial on the ground, alleged, that the verdict was a compromise.

The fact that the action was in assumpsit, in itself, does not bar this plaintiff from recovering substantial damages even if the action should have been in trespass. Much of the distinction between forms of action has lost its former significance; the court looks to substance; *Lindsley v. First Nat. Bank,* 325 Pa. 393, 190 A. 876; this has long been the attitude of the courts. *Livingston v. Cox,* 6 Pa. 360. Objection to the form of the action will be considered if the complaint is timely. *Welker v. Metcalf,* 209 Pa. 373, 58 A. 687. But the right to take advantage of improper form may be waived by a defendant, where the action is in trespass and assumpsit is the proper remedy (*Dietrich v. Davies,* 274 Pa. 213, 117 A. 915; *Welker v. Metcalf,* supra) or where the action is in assumpsit and the remedy in trespass. *Nock v. Coco Cola Bot. Wks. Pgh.,* 102 Pa. Superior Ct. 515, 156 A. 537. It is too late to raise the question after trial on the merits (*Williams v. Hay,* 120 Pa. 485, 14 A. 379).; "unless it is shown to have injuriously affected the trial ...... the proper amendment will be considered to have been made." *Erie City Iron Works v. Barber,* 118 Pa. 6, 12 A. 411. In the Nock case we said: "If it be assumed that the action was improperly begun ...... we will not reverse on such formal matter after a trial ...... without objection to the form of the action."

The action here, however, was properly brought in

assumpsit though sounding in tort. The gist of the action was defendant's negligence and though it might have been brought in trespass, the real issue was whether defendant was guilty of neglect in the performance of its contract. *Cowan v. Nagel,* 89 Pa. Superior Ct. 122. Since the damages sustained by plaintiff were foreseeable by defendant as the necessary, ordinary and natural consequences of its negligence, plaintiff was entitled to compensatory damages measured by the rule applicable to assumpsit upon breach of contract. The rule, continuing the principle of the leading English case, *Hadley v. Baxendale,* 9 Exch. 341, 5 Eng. Rul. Cases 502, (1854), is thus stated and discussed in *Dairymen's Coop Asso. v. McCreary,* 132 Pa. Superior Ct. 524, 1 A. 2d 508: " 'The damages ordinarily recoverable are those necessarily following the breach, which the party guilty of the breach must be presumed to know would be the probable consequence of his failure: 2 Greenl. Ev. §253. This rule is well expressed by STRONG, J., in *Adams Express Co. v. Egbert,* 12 Casey 364. They must be a proximate consequence of the breach, not merely remote or possible. There is no measure for losses of the latter kind': *Pittsburgh Coal Co. v. Foster et al.,* 59 Pa. 365, at page 369." See also *Clyde Coal Co. v. P. & L. E. R. R. Co.,* 226 Pa. 391, 75 A. 596; *Raby, Inc., v. Ward-Meehan Co.,* 261 Pa. 468, 104 A. 750; and *Nirdlinger v. Am. Dist. Tel. Co.,* 245 Pa. 453, 91 A. 883, for an application of the converse of the rule. The principle has been followed consistently in many other cases and was adopted in the Restatement, Contracts §330, as follows: "In awarding damages, compensation is given for only those injuries that the defendant had reason to foresee as a probable result of his breach when the contract was made. If the injury is one that follows the breach in the usual course of events, there is sufficient reason for the defendant to foresee it; otherwise, it must be shown specifically that the de-

fendant had reason to know the facts and to foresee the injury."

The charge of the court was not inconsistent with these principles although the measure of damages was not stated in the language of the rule. No further requests for charge were made by defendant's counsel although invited by the trial judge; the failure to request more definite instructions must be considered a waiver of any objection that might have been made, especially since the defendant was not harmed. Inadequacy in the charge is not assigned as error; moreover we find no basic or fundamental error, the single question which could have been raised by defendant's general exception to the charge. *Mastel v. Walker*, 246 Pa. 65, 92 A. 63.

As to the second question, defendant contends that since the verdict was $275 less than the lowest estimate, in evidence, of the cost of restoring the property, the verdict necessarily was a compromise and a new trial must be granted on that ground. The complaint of inadequacy of a verdict is novel coming from a defendant who must pay it. We find no merit in it. In any action where recovery is allowed on a breach of contract the jury are bound to award damages which will fully compensate the injured party but the amount in cases such as this is entirely for them. The testimony as to damages, in reality, rests upon little more than opinion evidence as to what it would cost to restore the house to its former condition; the weight of it was for the jury. The opinions of plaintiff's experts were sufficient to take the question of the cause of the damage, to the jury but it is not essential that the jury's verdict coincide with any of them as to the exact amount of plaintiff's loss. The opinions of experts are not facts and the jury is free to exercise its judgment. *Ray, to use v. Philadelphia*, 344 Pa. 439, 25 A. 2d 145. Moreover, there is evidence that the laying of new floors and

replacing old woodwork with new, would not only make good the damage but would increase the value of the property.

The verdict is supported by the evidence; it is responsive to the issue and must stand since it reflects only such damages as defendant must have foreseen as the direct result of its negligent breach of the contract.

Judgment affirmed.