## Stoll v. Andreadis

*M. M. Cohen*, for plaintiff.
*A. E. McCullough*, for defendant.

WISSLER, J., August 15, 1947.—Plaintiffs sued defendant in assumpsit to recover damages to personal property and inconvenience resulting from disposses-

sion of plaintiffs by defendant. A complaint was filed to which defendant has filed 12 preliminary objections.

The first objection to the complaint reads as follows:

"That the complaint in assumpsit taken as a whole sets forth a possible cause of action which should be in trespass and therefore a nonsuit should be entered on the above captioned suit."

The suit arises out of an alleged breach of both an oral and written lease. Assumpsit is a proper form of action by a lessee against the lessor to recover damages for a breach of covenant of quiet enjoyment and possession of the premises, whether such covenant is express or implied: Minnich v. Kauffman, 265 Pa. 321 (1919). It is proper to bring an action in assumpsit, though sounding in tort: Siegel v. Struble Brothers, Inc., 150 Pa. Superior Ct. 343 (1942). Where, in a proceeding, the facts ultimately proved are properly alleged, and there has been a trial on the merits, a judgment for plaintiff may not be reversed because of an error in the form of action: Bell Telephone Co. of Pennsylvania v. Baltimore & Ohio Railroad Co., 155 Pa. Superior Ct. 286 (1944). Accordingly, this objection is overruled.

The second objection, namely, "That the complaint throughout refers to regulations, orders, rules, etc., of the Office of Price Administration, Rent Control Division, United States of America, all of which statements, references, etc., are argumentative, vague and immaterial in the State court of the Commonwealth of Pennsylvania, as this honorable court does not have jurisdiction over rent control provisions of the Federal branch of Government", is without merit as it is a reference to regulations out of which the alleged cause of action arose. While it is not necessary to set forth in a pleading the evidence by which facts are to be proved, it is essential that such facts as the pleader depends upon to show the liability sought to be en-

forced shall be averred. This objection is overruled. Likewise, objection no. 3 is overruled. The reference to the issuance of a writ of replevin by this court at the instance of defendant does not offend the res judicata rule, but is a mere recital of fact upon which plaintiffs rely to show a part of the liability sought to be imposed.

To the nineteenth paragraph of the complaint which reads as follows: "That as a result of the aforementioned illegal eviction plaintiffs at the hands of defendant suffered loss and financial damage resulting from destruction of personal property and clothing amounting to $1,861.88", defendant directs her sixth objection, which is as follows: "That paragraph 19 is lacking in particularity in failing to set forth the alleged articles of personal property and clothing destroyed."

While this court in Helenthal v. Geller, 41 Lanc. 652 (1929), in an action of trespass for property destroyed, stated that the statement need not aver the value of each particular item alleged to have been destroyed if it shows substantially the injuries done and the damages sustained, Pennsylvania courts have uniformly held that there must be a degree of particularity to which the facts of the case are reasonably susceptible, to enable the other party intelligently to prepare for trial. To aver, as plaintiffs do in paragraph 19 of the complaint, that they suffered loss and financial damage resulting from destruction of personal property and clothing amounting to $1,861.88 is insufficient. Defendant is entitled to know what items of clothing or personal property are missing or destroyed. The court sustains this objection.

Objection no. 7, namely, "That paragraphs 11 and 21 are at variance with each other as to the amount alleged in said paragraphs", is sustained.

Objections nos. 8, 9 and 10 to the use of the words "unlawfully", "illegal eviction" and "humiliation and

embarrassment" in paragraphs 18, 19 and 24, respectively, of the complaint as being conclusions of law are overruled. It is true that standing alone they would be objectionable as conclusions of law, but taken in connection with the rest of the pleadings defendant is sufficiently apprised of what the facts are on which these conclusions rest.

To the tenth paragraph of complaint which reads as follows: "That on January 9, 1947, the Office of Temporary Controls, Office of Price Administration, ordered defendant to reimburse plaintiffs the sum of $46, representing excess rents, within 30 days thereafter, or subject herself to treble damages, as per the order, a copy of which is attached hereto, incorporated herein and marked Exhibit 'C' ", defendant directs her eleventh objection, which is as follows: "That the allegations made in paragraph 10 of the complaint and the wording of Exhibit 'C' are in variance with each other and therefore should be stricken. Paragraph 10 setting forth 'ordered defendant to reimburse plaintiff the sum of $46, representing excess rents, within 30 days thereafter, or subject herself to treble damages, as per the order, a copy', etc., and the Exhibit 'C' makes no mention of treble damages, but merely stating 'If the overcharges continue to be collected after the effective date of the order, the administrator's claim may be for three times the amount of the overcharge, or $50', etc." Exhibit "C" does not say, as stated in paragraph 10 of the complaint, that the Office of Temporary Controls, Office of Price Administration, ordered defendant to reimburse plaintiffs in the sum of $46, representing excess rents, but that defendant had 30 days from date of order within which to refund the excess rents, and that if she continued to collect overcharges after the effective date of the order, the administrator's claim may be for three times the amount of the overcharge.

There is an allegation in the pleading that the overcharge was not paid by defendant, but nowhere is it pleaded that any excess rental was collected after the date of the order. This is a clear variance, and the complaint should allege only what the exhibit sets forth. Where there is any inconsistency between the allegation and a written instrument attached thereto as an exhibit, the latter will prevail: Cohen v. Carol et al., 153 Pa. Superior Ct. 596 (1943). Accordingly, the court sustains the eleventh objection.

And now, August 15, 1947, the court sustains the preliminary objections nos. 6, 7 and 11, and directs plaintiffs to file an amended pleading within 15 days, in accordance with this opinion and the rules of court.