## Alwine v. Paul L. Smith, Inc.

*Lewis Markowitz*, for defendant.

*Frank B. Boyle*, for additional defendant.

SHADLE, J., November 27, 1967.—Plaintiffs sued both defendant and additional defendant in assumpsit for breach of an implied warranty of merchantability arising from the building of a house by defendant for plaintiffs and the furnishing of a wall waterproofing material by additional defendant for such house. Additional defendant demurred to plaintiffs' complaint on the ground that any contract to which the former was a party was only with defendant and not with plaintiffs, and that absence of privity of contract between it and plaintiffs prevented its liability to the latter in assumpsit for breach of warranty.

On March 23, 1967, the court entered an order sustaining additional defendant's demurrer. On May 22, 1967, which was exactly 60 days after the order, but far beyond the 60 day period from the service of plaintiffs' complaint, which occurred on October 27, 1966, defendant thereupon joined Harrisburg as an additional defendant on the ground that the latter is either solely or jointly liable to plaintiffs, or liable over to defendant upon the cause of action. To defendant's complaint, additional defendant has now filed preliminary objections in the nature of a demurrer. The grounds alleged are that (a) no privity of contract exists between plaintiffs and additional defendant on which sole or joint liability can be based, (b) no breach of implied warranty has been alleged, and (c) the attempted joinder comes too late. Argument was had before the court.

In considering Harrisburg's demurrer to plaintiffs' complaint when the former was sued directly, we observed that plaintiffs' complaint alleged that the application of the protective substance was part of the original contract between plaintiffs and defendant, and was performed by an employe of "defendants". We specifically noted in our opinion that the pleadings disclosed only that the contract for the purchase, installation and coating of the blocks was solely between plaintiffs and defendant.

Here, however, defendant's complaint against additional defendant clearly alleges that "all dealings" with regard to the purchase and application of the blocks and coating were between plaintiffs and additional defendant, that the coating was applied by an agent of additional defendant, and that it was additional defendant which made any warranties. Since we are at this point bound by facts disclosed by the pleadings, these allegations are sufficient to establish privity of contract and warranty liability between plaintiffs and additional defendant. Should the proof fail to support these contentions, additional defendant may be freed of direct liability to plaintiffs at the trial.

Defendant's complaint against additional defendant further alleges that the latter breached both an implied warranty of fitness of the substance itself, and an implied warranty of workmanship in its application. As we noted in our earlier opinion, the existence of the former type of warranty is specifically provided by section 2-314 of the Uniform Commercial Code of April 6, 1953, P. L. 3, and Siegel v. Struble Brothers, Inc., 150 Pa. Superior Ct. 343 (1942), seems to indicate that relief lies for breach of the latter type of warranty. Hence, defendant's complaint is sufficient to withstand additional defendant's demurrer on this ground.

The final issue of the timeliness of the joinder is answered both by reason and authority. Clearly, Harrisburg could not have been joined by Smith as an additional defendant within 60 days of service of plaintiffs' complaint, since at that time Harrisburg already was an original defendant in plaintiffs' suit. Hence, the earliest time upon which Harrisburg could be joined by Smith as an additional defendant was the date when Harrisburg was dropped as an original party by the sustaining of its demurrer. It seems obvious that the 60 days for joinder allowed by Pennsylvania Rule of Civil Procedure 2253 should run from that date. It was so held in Zuschlag v. Moulton, 7 D. & C. 2d 69 (1956), wherein the procedural facts are identical with those in this case. The court there held that while the original defendant should have asked leave of court to join the additional defendant beyond the 60 day period, as provided in Pa. R.C.P. 2253, sufficient cause for the granting of such a petition appeared of record to have required the court to have granted it. This likewise is true here, since it was impossible for the joinder to take place until Harrisburg had been dropped by virtue of its first demurrer.

We, therefore, are in the anomalous position of having dropped Harrisburg as an original defendant in plaintiffs' suit, but rejoining it as an additional defendant on application of the original defendant. We reach this position by reason of the facts alleged in the original defendant's complaint which did not appear in plaintiffs' complaint against Harrisburg. The possibility of Harrisburg's liability now must await the outcome of the proof of the facts at trial.

## ORDER

And now, November 27, 1967, the demurrer of additional defendant Harrisburg to the complaint of the original defendant Smith is overruled and refused, and an exception is noted on its behalf.