## Plank-Road Company *versus* Ramage.

1. An owner of property over which a plank-road is constructed under the general law of 26th January, 1849, and its supplement of the 7th April, 1849, being by the first section of the supplemental act entitled to recover damage for injury or damage sustained, is entitled to recover for new *fences* which the location of the road rendered necessary.

2. A party who made a general objection to testimony, is not entitled to be heard against it in this Court on account *of its mere form.* An exception grounded on the shape of an interrogatory is of no avail, unless the ground of objection be specified in the bill.

3. A Court of Error should lean strongly against sustaining an objection to evidence, which is not accompanied on the record with a distinct statement of the grounds on which the objection was rested in the Court below.

4. An owner of lands is entitled to damage for destroying the symmetry of his fields, if the change in the shape of the fields produced intrinsic and real injury to the farm.

5. Though a witness said: "that many a man would give more for the farm then, than without the road," this was not conclusive of the case. No matter how positive the testimony, and how absolute the reliance of the jury on the integrity and judgment of the witness, the case was properly submitted to the jury on all the testimony in the case.

ERROR to the Common Pleas of *Allegheny county.*

In the case of the same Plank-Road·Company v. Ramage, the opinion of the Court, delivered by BLACK, C. J., was as follows:

It has been settled in the Plank-Road Company v. Thomas, that a party injured by the location of a plank-road, has a right, under the general act and its supplements, to recover damages

[Plank-Road Company *v.* Ramage.]

for land taken as well as improvements destroyed. Timber is part of the land. The other points are not greater or more numerous than might be raised in any case, however justly decided, in which ingenious counsel determine to take as many exceptions as possible.

The necessity of making new fences is surely a disadvantage to the owner of land, and a perfectly fair item in the estimation of his damages. No man could possibly exclude the consideration of it from his mind if he would try. In McClenachan *v.* Curwen (6 *Binn.* 509), it was held that the Philadelphia and Lancaster Turnpike Company were not bound to make a fence along the sides of their road, or to pay for the making of one by the owner, simply because the act of incorporation did not enjoin the payment of compensation for any injury at all, but only required the company to repair such breaches in contiguous enclosures as they might make in getting materials. The parties there were in the situation these would have been in, if the supplement of 27th April, 1849, had not been passed. Of course, therefore, that case has no application to this.

A witness was asked "what is the loss to the plaintiff from throwing out an acre and a half of his improved land, which is not worth fencing?" This was objected to, but for what reason does not appear. In this Court it is contended to have been improper, because it assumes that there was so much land of the plaintiff not worth fencing, and because it is unmeaning on its face. That the assumption complained of was not unfounded, is shown by the answer, and by the fact that no attempt was made to explain it away; and if it was unmeaning, how came it to be so perfectly well understood by the witness? and, moreover, what harm would an unmeaning question do to anybody? The objection seems to be rather to the form of the interrogatory than to the substance of the testimony which it brought out. A party who makes a general objection to a question, cannot be heard in this Court arguing against its mere form. An exception grounded on the shape of an interrogatory, will be of no avail unless the grounds be specifically set forth in the bill. The reasons for this are so obvious that it is unnecessary to state them. Perhaps this is as good an occasion as any other to say, that a Court of Error ought to lean strongly against sustaining any objection to the admission of evidence, which is not accompanied on the record with a distinct statement of the grounds on which the objection was rested in the Court below. I am convinced that our hitherto lax practice in this respect has often caused us to reverse cases on points apart from the merits, and which were not made at the trial.

The Court was requested to charge, that the plaintiff could not recover "damages for destroying the symmetry of a field, upon a mere speculative opinion as to the detriment supposed to be in-

flicted thereby." This was answered in the affirmative, with the very proper and just instruction appended, that the law was otherwise, if the change in the shape of the fields produced an intrinsic and real injury to the farm. Can the correctness of this be doubted?

One witness said that "many a man would give more for the farm now than without the road." The counsel for the company attempted to put the whole case on this part of the evidence; but the Court left it to the jury on all the testimony of all the witnesses. The defendants had no right to an answer more favorable than was given to this point. In truth, they were strictly entitled to nothing better than an unqualified negative. What "many a man" would give does not by any means settle the comparative value of the land. No matter, therefore, how absolute may have been the reliance of the jury on this witness's integrity and judgment, his testimony did not "put an end to the plaintiff's case," and if the Court had simply refused the instruction asked for, the soundness of the judgment would not have been endangered by it.

Judgment affirmed.