# The Philadelphia Housewrecking Company *v.* Nolen, Appellant.

*Contracts—Breach—Damages—Evidence—Admissibility— General objection.*

1. Where an objection to the admission of evidence is general, no particular ground being assigned, it is not error for the court to overrule it; and when this occurs, the ruling of the court will be sustained on appeal, if the evidence or any part of it, be proper for any purpose.

2. In an action to recover damages for defendant's breach of a contract for the removal of stone and dirt from certain premises, where it appeared that plaintiff, upon defendant's default, had engaged other persons to do the work and sought to recover from defendant the loss occasioned, it was not error to admit in evidence to prove the expenditures incurred by plaintiff in doing the work, slips or tickets given by plaintiff to the drivers of the persons whom plaintiff employed, showing the amount of material removed by each driver, and checks exchanged in payment for such tickets, or to permit the president of plaintiff company to state the number of tickets and the amount of the checks so used.

Argued Jan. 5, 1916.   Appeal, No. 197, Jan. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1913, No. 3094, on verdict for plaintiff, in case of The Philadelphia Housewrecking Company v. James F. Nolen.   Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.   Affirmed.

Assumpsit to recover damages for breach of contract. Before CARR, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,533.50 and judgment thereon.   Defendant appealed.

*Errors assigned* were rulings on evidence and instructions to the jury.

*Frederick A. Sobernheimer,* for appellant.—The tickets and checks were not admissible in evidence: Mellott v. Mellott, 55 Pa. Superior Ct. 614; Stuckslager v. Neel, 123 Pa. 53; Corr v. Sellers, 100 Pa. 169; McKnight v. Newell, 207 Pa. 562; Philadelphia v. Tradesmen's Trust Co., 38 Pa. Superior Ct. 286; Lonergan v. Whitehead, 10 Watts 249; Eshleman v. Harnish, 76 Pa. 97.

*James J. Breen,* for appellee.

OPINION BY MR. JUSTICE STEWART, March 6, 1916:

The action was to recover damages for an alleged breach of contract. The plaintiff company had contracted with the owner of a lot of ground in the City of Philadelphia, the surface of which was considerably above the level of the public street, to reduce the elevation. This work required a large amount of excavation. The defendant, also a contractor, had engaged with the City of Philadelphia to dump ten thousand loads of dirt and stone at a city reservoir in the same neighborhood where the plaintiff was to do its excavating. The plaintiff therefore had earth and rock to sell, while the defendant was in the market to buy such material to meet requirements of his contract. The defendant offered to buy of the plaintiff 3,500 loads of dirt and stone, and pay for the same at the rate of 50c per load. This offer was accepted, and immediately thereupon the defendant began to take and carry away for dumping purposes the rock and dirt excavated by the plaintiff company. After carrying away 67 loads of the material, he discontinued hauling, and declined, without justification, as alleged by the plaintiff, to proceed further with his contract; whereupon the plaintiff company, in order to complete its contract for the excavation, proceeded to employ several or more persons whose business it was to furnish horses, carts and drivers for such work, to complete the work defendant had engaged to do. The plaintiff complains that great loss resulted to it in con-

sequence of defendant's breach of the contract, in that it not only lost thereby the price defendant was to pay for the material, but was compelled to bear the costs of the removal of the material in addition. To recover this loss the present action was brought. We have stated the facts as developed on the trial and as accepted by the jury; they stand clear of any of the assignments of error, and therefore call for no further consideration here. The principal complaint, and indeed the only one seriously urged, has regard to the admission of the evidence offered by plaintiff to establish the damages claimed. The method adopted by the plaintiff in keeping account of the expense incident to the removal of the dirt, was to give to each driver as he carted away a load of material, a slip or ticket containing a memorandum of amount, which the driver was expected to hand to his employer. Such tickets when presented at plaintiff's office indicated exactly what was due from the plaintiff to the employer presenting them, and for the total so shown payment was made by check. The company's president having testified that this was the manner in which the account was kept, and that he had with him the tickets redeemed and the checks that had been given in exchange, was then asked to state the number of the tickets and the amounts of the checks. Thereupon followed an objection by counsel for defendant in these words, "I object to this line of testimony." The objection being overruled the witness proceeded to identify the tickets that had been redeemed, the checks that had been issued thereon, and the superintendent's daily reports. He stated that the number of tickets redeemed showed 1,663 loads, while the checks showed $1,725.95 had been paid on their redemption. Both the tickets and checks were produced and their counting and computation were mere matters of detail. Some additional items of damage were claimed, but these do not fall within the assignments to be considered. At the conclusion of this witness's cross-examination the identified tickets

and checks were offered in evidence. This objection by the defendant's counsel followed, "I object to the offer, except to the 67 tickets that we admit." The objection was overruled and the offer admitted. This action of the court was made the subject of three of the four assignments. It is well settled that where the objection to the admission of evidence is general, no particular ground being assigned, it is not error for the court to overrule it; and when this occurs the ruling of the court will be sustained, if the evidence, or any part of it, be proper for any purpose. "The party offering evidence is bound, if requested, to state the purpose of it fully, and the party who objects must state his objection. If he decline to do so, it is good ground for the court to overrule a general objection; or, if the record go up on the general objection only, the ruling of the court will be sustained if the evidence be proper for any purpose.— These rules are necessary to prevent injustice, both to the court and parties." Cullum v. Wagstaff, 48 Pa. 300, 303, "Perhaps this is as good an occasion as any other," says BLACK, J., in Plank-Road Co. v. Ramage, 20 Pa. 95, 96, "to say that a Court of Error ought to lean strongly against sustaining any objection to the admission of evidence which is not accompanied on the record with a distinct statement of the grounds on which the objection rested." Mr. Wigmore in his treatise on evidence thus states the rule: "The cardinal principal—no sooner repeated by courts than it is forgotten by counsel —is that a general objection, if overruled, can not avail." Section 18. The objections to the evidence in the present case were so general that they disclosed to the court nothing as to the ground on which they rested. Were we to dismiss them because of this disregard of settled rule the appellant would have no reason to complain. If we waive this penalty in this case, and give consideration to the ground of objection, which is now for the first time urged, it is an indulgence that must not stand as a precedent to be hereafter observed.

The contention most strongly urged is that the tickets, checks and daily reports, were offered and admitted on the theory that they were the equivalent of books of original entry, and that because they fall so far short of requirements in such case, they should have been excluded. This contention wholly misconceives the purpose of the offer, and seeks to apply a rule manifestly without application. Nothing here done as between these parties was the subject of book entry, and therefore books of original entry would not have been competent evidence to establish the amount of damage sustained. What was required of plaintiff was to show that by reason of defendants refusal to complete his contract, in order to have done by others what defendant had agreed to do, it was compelled to expend more than under its contract it would have had to pay to the defendant. This it could do by any evidence of expenditure on its part that was of probative value; and the value of the evidence would be for the jury to determine. The argument in support of appellant's contention wholly overlooks the fact that while the evidence was admitted as a means of showing the extent of plaintiff's loss, it was not admitted to show a course of dealing between plaintiff and defendant, nor to charge the latter directly for anything furnished him, whether labor, material, or what not, but simply with a loss because of a breach of his contract. The tickets redeemed and the checks by which they were paid, fully identified and unquestioned as they were, constituted direct evidence of the factum probandum, and they were of persuasive force, both as to amount and reasonableness of charge, as shown by the verdict.

We discover no abuse of discretion by the court in refusing the motion for a new trial. The assignments of error are overruled, and the judgment is affirmed.