# Dietrich *v.* Davies, Appellant.

*Marriage—Contract—Breach of promise—Form of action—Assumpsit—Defense—Practice, C. P.—Act of May 14, 1915, P. L. 483 —Motion to strike out evidence—General objection.*

1. The appropriate action in which to recover damages for breach of promise of marriage is assumpsit.

2. If the action is brought in trespass, defendant may file an affidavit of defense, and proceed as if the suit were in assumpsit.

3. In an action for breach of promise of marriage, where defendant does not, in his affidavit of defense, set up a prior marriage, and a consequent disability of plaintiff to contract a marriage with him, he cannot, under the Act of May 14, 1915, P. L. 483, set up such a defense at the trial.

4. If at the trial it is elicited that plaintiff had at one time been married, and subsequently she testified she had been divorced, and defendant moves to strike out such testimony, without stating a ground therefor, the court commits no error in refusing to strike it out.

5. Where a general objection is made to the admission of evidence or a general motion to strike out, no reason being assigned, if the proof offered is at all admissible, it will be received.

Argued March 22, 1922.   Appeal, No. 312, Jan. T., 1922, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1920, No. 5676, on verdict for plaintiff, in case of Hazel Dietrich v. Alexander D. Davies.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for breach of promise of marriage.   Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*George J. Edwards, Jr.,* for appellant.—Appellant takes the position that there was no evidence in the case to warrant the trial judge in submitting the issue to the jury. This question may be raised on a motion by defendant for judgment n. o. v.: Second Nat. Bank v. Hoffman, 233 Pa. 390; Duffy v. Water & Power Co., 233 Pa. 107; McIvor v. Hynes, 248 Pa. 544; Booth v. Keystone Spinning Mills Co., 245 Pa. 202; Timlin v. Am. Patriots, 249 Pa. 465.

The divorce may be proved only by the record: Loughry v. McCullough, 1 Pa. 503; Miltimore v. Miltimore, 40 Pa. 151; Otto v. Trump, 115 Pa. 425; Richards's App., 122 Pa. 547.

*Samuel L. Borton,* for appellee.—Under the Practice Act of 1915, defendant is obliged to set out in his affidavit of defense those facts on which he intends to rely by way of a defense: Keim v. Brumbaugh, 29 Pa. Superior Ct. 557.

The burden of proof to establish the incompetency of plaintiff was on defendant who raised the question: Zoek v. Hertz, 11 Pa. Superior Ct. 512; Wills v. Hardcastle, 19 Pa. Superior Ct. 525.

OPINION BY MR. JUSTICE SCHAFFER, April 17, 1922:

The appropriate action in which to recover damages for breach of promise of marriage is assumpsit: Welker v. Metcalf, 209 Pa. 373; Keim v. Brumbaugh, 29 Pa. Superior Ct. 557. While, in the case at bar, plaintiff issued a summons in trespass, defendant's counsel treated the action correctly as assumpsit (Parry v. First Nat. Bank, 270 Pa. 556), filed an affidavit of defense, in which

all the allegations in plaintiff's statement of claim were denied, but in which it was not set up that plaintiff was unable to join in a valid contract of marriage because she was married to another man.

Defendant's counsel, in cross-examining the plaintiff, elicited the fact that she had at one time been married. He pursued the inquiry no further, and did not inquire whether she was married at the time of defendant's alleged promise to marry her. Subsequently, in the course of the trial, an application for a marriage license and the record of a marriage between plaintiff and another, prior to the time of defendant's promise, were offered and received in evidence in his behalf. On reëxamination, plaintiff's counsel asked her whether she had ever been divorced, to which a general objection was made but not ruled on, and plaintiff answered that she had been divorced before meeting defendant. Appellant's counsel moved to strike out the answer, without assigning any reason why the motion should be granted, and, upon the statement being repeated that she had been divorced and had not again married, the motion to strike out was renewed without a supporting reason and again overruled.

The result of the trial was a verdict and judgment for plaintiff, from which defendant appeals, urging upon us that judgment should be entered for him notwithstanding the verdict, because plaintiff admitted she had been married and offered no competent proof of her divorce.

The Practice Act of May 14, 1915, P. L. 483, section 16, provides: "Neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense......except as provided in sections seven and thirteen." In his affidavit of defense, defendant did not aver a prior marriage of plaintiff and her consequent disability to contract a marriage with him, and therefore could not make this defense. Speaking of this provision of the act, we said recently in Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa. 288, 291: "This section has worked a wise and vital change in practice......Ex-

cept where court rules provided otherwise, the only purpose of an affidavit of defense under the prior law was to prevent summary judgment. Under this section, however, it is an essential part of the pleadings, and the court below should refuse to admit evidence upon any issue not raised thereby."

Furthermore, defendant's position is not that it was incompetent for the plaintiff to show she had been divorced, he only questions the mode of proof. On the trial, his motion to strike out the testimony was general without giving any reason therefor. As it was competent for plaintiff to show she had been divorced and as defendant challenged, not the proof of this fact, but the manner of its proof, he should have assigned his reason for striking out the testimony, in which event, plaintiff could either have supplied the record evidence of her divorce, or if she was not prepared to do this, could have suffered a voluntary nonsuit and supplied the higher grade of proof on another trial of the case. Where a general objection is made or a general motion to strike out, no reason being assigned, if the proof offered is at all admissible, it will be received: Glenn v. J. C. Trees Oil Co., 266 Pa. 74, 81; Brown v. Kittanning Clay Products Co., 259 Pa. 267, 270; Philadelphia House Wrecking Co. v. Nolen, 252 Pa. 443, 446; Roebling's Sons Co. v. American A. & C. Co., 231 Pa. 261, 271; Garsed v. Turner, 71 Pa. 56, 59; Cullum v. Wagstaff, 48 Pa. 300, 303; Christian v. Dripps, 28 Pa. 271, 277; Plank-Road Co. v. Ramage, 20 Pa. 95, 96.

As proof of the divorce was admissible and the one reason now urged upon us for upsetting plaintiff's recovery is because of the mode of proof, we cannot take the action defendant demands and enter judgment in his behalf, as he did not set up her prior marriage as a disability in his affidavit of defense, and did not disclose his ground for striking out the testimony on the trial.

The assignments of error are overruled and the judgment is affirmed.