## Mignatti, Appellant, *v.* Silver.

*Building contracts—Extra work—Illegal contract—Amount of work done.*

In an action of assumpsit for a balance due on a building contract, a finding in favor of the plaintiff will be sustained where there is sufficient proof that the work was actually done and materials furnished.

In such case, the fact that the contract called for a certain proportion of cement in the mortar which was contrary to a building code, is immaterial and does not effect the rights of the parties, where the defects were remedied and the work done. The illegality of the contract was not an issue under the pleadings.

Argued November 21, 1927.  Appeal No. 17, October T., 1927, by plaintiff from judgment of M. C., Philadelphia County, May T., 1925, No. 1070.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Reversed.

Assumpsit for balance due on building contract.  Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The Court entered judgment in favor of the plaintiff, in the sum of $1,542.64.  Subsequently, on motion, before CRANE and WALSH, JJ., judgment was entered for defendant non obstante veredicto.  Plaintiff appealed.

*Error assigned,* among others, was the judgment of the Court.

*G. Von Phul Jones,* for appellant.

*Joseph Moss,* and with him *Emanuel Moss,* for appellee.

OPINION BY HENDERSON, J., March 2, 1928:

The plaintiff's claim was for a balance due on a written contract between the plaintiff and the defend-

ant for the excavation of cellars and the construction of stone foundations for thirty dwelling houses about to be erected by the defendant on a plot of ground in the City of Philadelphia. The work was to be done according to plans and specifications adopted—the necessary material to be supplied by the plaintiff. There was also a claim for additional excavation, which may be called extra work, on foundation trenches for $269.22, and for extra "dashing" of the cellar walls $100. The total amount of the claim was $13,-122.42 on which there was a credit of $11,400. The balance, $1,722.42, was the amount in issue. The contract provided that "the mortar used in this work shall be composed as follows: lime mortar and local sand." The work was begun about the first of March and was proceeded with until it was about half completed when objection was made to the quality of the work by an inspector of buildings in the service of the city. The principal objection was to the mortar used, the criticism being that it was not as required by the Act of 1899, P. L. 200, regulating the construction of buildings in cities of the first class, which provides in section 17 that "lime mortar shall be made of not more than four parts sand to one part of fresh burnt lime." The inspector stated in his testimony that it looked to him to be of the proportion of one to ten instead of one to four. After discussion between the inspector and the defendant, it was arranged that the latter improve the wall by raking the mortar out and shooting cement between the stones with a cement gun which was accordingly done, whereupon the wall was approved and the work completed by the plaintiff. No further objection was raised against the sufficiency of the structure under the building law. The case was tried before a judge without a jury, and after hearing the evidence presented a verdict was found in favor of the plaintiff for $1,542.-64. Subsequently on a rule for judgment non obstante

veredicto, two of the three judges sitting at the argument, entered an order making the rule absolute on the ground that the contract was illegal and the work was done in violation of a statutory requirement. In support of the position that a contract in violation of the provisions of a statute, though not expressly made void by it, is null and will not be enforced, the following authorities are cited in the opinion of the court: Bank of the United States v. Owens, 2 Peters 538; Coppell v. Hall, 7 Wallace 558; Fowler v. Scully, 72 Pa. 456; and Smyers v. McMahon, 71 Pa. Superior Ct. 142. All of these cases relate to contracts which were on their face illegal. No discussion is needed to support the proposition that a contract for the performance of an act contrary to law cannot be enforced. An agreement executed on the Sabbath day, or for the payment of usurious interest, or for any other prohibited undertaking, finds no support in a judicial proceeding. But the authorities cited and others of like character are not relevant in the present contention, for nothing in the contract is shown to be in violation of law. The objection was not to its terms, but to the manner in which it was in part fulfilled. There is no suggestion that the excavation was not properly made, nor was the wall condemned on account of the quality of the stone used. The thing objected to was the mortar, and with respect to the wall, this was the defense made. This defect if it existed was remedied by the defendant, after which the wall was approved and the plaintiff proceeded to the completion of his contract without further objection as to its sufficiency. The illegality of the contract was not an issue under the pleadings: Dietrich v. Davies, 274 Pa. 213. The question for trial on this branch of the case was whether a defect in the wall existed under the requirements of the Building Act or the plaintiff's contract, and if so what was the cost to the defendant of recon-

struction or repair of any part of it to meet the demand of the building inspector? But we do not find evidence to show what that was. The defendant denied that any extra work was done on the excavation for the foundation walls as claimed by the plaintiff; his allegation being that the contract covered all of the excavation made on the premises. He also denied the item of $100 in the plaintiff's account for extra dashing of the cellar walls. There was a clear issue of fact therefore to be tried by the court—was there such defective construction of the cellar wall as required reconstruction, if so what was the extent of it, and the expense to the defendant of reconstruction as required by the building inspector? No such examination was described by the defendant's witness as to the composition of the mortar used as afforded the court definite information. The witness did not tell what his examination was as to the proportions of material used on part of the wall. What examination was made does not appear. The lack of definite evidence on the subject was doubtless one of the reasons leading to the entry of the verdict for the plaintiff. With respect to the extra excavation for the foundations and the dashing of the cellar wall, there was the testimony of the plaintiff in support of the claim and of the defendant in denial. The court credited the evidence of the plaintiff and as the witnesses were before the court, no sufficient reason is given why the finding in favor of the plaintiff should not be sustained. The award of the trial judge was for $386.46 less than the whole of the plaintiff's claim from which it may be concluded that that much was allowed for replacement of the defective part of the wall, or that the other items claimed were disallowed. We think that in no aspect of the case should judgment have been entered non obstante veredicto as the items for extra work may have been allowed by the trial court. As there was no testimony under which there could have been

a finding of a definite outlay by the defendant caused by defective performance of the contract by the plaintiff, there is no support for the action of the court below except on the conclusion that the plaintiff had failed to perform its contract in conformity to the building law, but his work was approved by the inspector according to the defendant's own showing after the latter had used the cement gun on the wall, and with respect to the wall built after that by the plaintiff there is no objection. There are no figures therefore in the testimony showing that the defendant had paid all he owed to the plaintiff, or that he was entitled to a reduction of the plaintiff's claim to the extent of the cost to him of the reconstruction of a part of the wall in conformity to the demand of the building law. As the trial judge had jurisdiction to find the facts in accordance with the testimony and there was evidence in support of the claim, his findings have the effect of a verdict, and that could only be set aside on a state of the record which made it clearly appear as a matter of law applicable to the facts that no part of the plaintiff's claim was valid and unpaid.

In view of the conclusion reached it is unnecessary to consider the complaint of the appellant that his judgment taken for want of an affidavit of defense was set aside.

The judgment is reversed and judgment is now entered on the finding of the trial judge in favor of the plaintiff.