Redevelopment Authority of the City of Philadelphia, Appellant *v.* Kenton A. Little, Appellee.

Argued April 9, 1980, before President Judge CRUMLISH, JR. and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Lawrence S. Rosenwald, Rosenwald & Pollack,* for appellant.

*Leon W. Tucker,* with him *Austin Norris,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 25, 1980:

The Philadelphia Common Pleas Court ordered the Redevelopment Authority of Philadelphia (Authority/Condemnor) to pay delay damages to Kenton A. Little for the confiscation of his hotel liquor license under the Eminent Domain Code.[1] The Authority appeals.

We reverse.

On March 10, 1969, the Redevelopment Authority of Philadelphia condemned the hotel, bar and restaurant of Kenton A. Little (Condemnee) located at 818-822 Columbia Avenue, Philadelphia, Pennsylvania. Damages were assessed by the Board of View (Board) at $60,000. Little appealed the award, contending that the Board had improperly failed to consider the value of his hotel liquor license as an element of damages.

On June 22, 1977, the Common Pleas Court[2] awarded $25,000 for the liquor license claim. The court made no mention of delay damages and no finding as to the date from which delay damages or interest should accrue as required by Section 518 of the Eminent Domain Code.[3] Little did not appeal.

---

[1] Section 101 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

[2] Common Pleas Court of Philadelphia after a de novo hearing and sitting without a jury.

[3] Section 518 of the Eminent Domain Code, 26 P.S. §1-518.

The Authority filed timely exceptions to the award[4] which were dismissed September 26, 1977, and a subsequent appeal to this Court, which was withdrawn December 27, 1977.

In October, 1978, almost one year after the court's award, Little filed a motion to compel the Authority to pay delay damages. The Authority admitted delay damages were due on machinery, equipment and real estate, but refused to pay delayed compensation for the liquor license.

By order and opinion dated December 15, 1978, the Authority was directed to make payment for delay on the liquor license.

The Authority has appealed the December 15, 1978 opinion to this Court.

The controlling question is the jurisdiction of the Common Pleas Court to entertain and grant a motion to compel payment of delay damages where there is no provision for such damages in the original court award and the award is not challenged by exception or appeal until more than one year after the judgment is entered.

Section 517 of the Eminent Domain Code provides that on appeal from the Board of View, the Common Pleas Court (when sitting without a jury) shall determine the amount of damages. Any decree confirming, modifying, or changing the report of the Board shall constitute a final order.[5] Final orders are appealable to this Court pursuant to 42 Pa. C. S. §762[6] *provided* that notice of appeal is filed within *30 days* after the entry of the order from which the appeal is taken. Pa. R.A.P. 903.

---

[4] The exceptions filed by the Redevelopment Authority of Philadelphia did not relate to delay damages.

[5] Section 517 of the Eminent Domain Code, 26 P.S. §1-517.

[6] Section 762 of the Judicial Code, 42 Pa. C. S. §762.

In the instant case, the final order granting damages was entered June 22, 1977, yet Little did not appeal or in anywise raise the issue of delay damages until October, 1978. The period fixed by statute may not be extended by the Court, and Little's failure to file an appeal within the 30 days provided by law deprived the Court of jurisdiction. *Hafetz v. Redevelopment Authority of the City of Wilkes-Barre,* 19 Pa. Commonwealth Ct. 202, 339 A.2d 644 (1974).

Little argues that his entitlement to damages for delay is a matter of right under Section 611 of the Code.[7] Therefore, the Authority had the duty to appeal the lower court's failure to specify the date from which delayed compensation should be computed and its refusal to do so cannot affect a condemnee's right to delay compensation.

A similar situation arose in *Hineline v. General State Authority,* 15 Pa. Commonwealth Ct. 44, 324 A.2d 817 (1974), where the Board of View failed to award delay damages or determine the date from which they accrued as mandated by Section 515 of the Code.[8] The condemnee filed an action in mandamus two and one-half years after the Board's report, seeking to compel the payment of delay damages from the filing of the declaration of taking. This court held that the condemnee as a party aggrieved by the decision of the Board had an equal opportunity and duty to appeal if it was not satisfied with the Board of View's determination and waived its right to object when it failed to do so within the statutorily prescribed time.

In *Hafetz v. Redevelopment Authority of the City of Wilkes-Barre, supra* at 205, 339 A.2d at 646, this Court quashed as untimely a subsequent award of special damages for relocation and business removal

---

[7] Section 611 of the Eminent Domain Code, 26 P.S. §1-611.

[8] Section 515 of the Eminent Domain Code, 26 P.S. §1-515.

expenses by the Board of View when the condemnee failed to raise these claims, by appeal or exceptions, filed within 30 days of the original award:

> The prerogative of an aggrieved party to appeal to the court of common pleas within thirty days from the date of the filing of the report is established by statute. We cannot extend the period fixed by statute for appeal. The timeliness of an appeal and compliance with statutory provisions go to the jurisdiction of a court to hear the appeal.... A failure to timely file an appeal deprives a court of jurisdiction....

> Where an act of assembly fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence.

Applying these holdings to the case at hand, we accordingly

ORDER

AND NOW, July 25, 1980, the order of the Common Pleas Court of Philadelphia granting delay damages to Kenton A. Little for his hotel liquor license is reversed.

Judge WILLIAMS, JR., dissents.