632 A.2d 1061

**A Condemnation Proceeding in Rem by the Redevelopment Authority of the City of Philadelphia for the Purpose of Redevelopment of Center City Redevelopment Area Convention Center Urban Renewal Area, Philadelphia, PA Including Certain Land Improvements and Properties Condemnation No. 55.**

**Claims of Samuel LINEFSKY, Samuel Alanoff and Selma Linefsky and Elaine Katchman, a joint venture, former owners of Premises etc.**

**Appeal of Samuel LINEFSKY et al., Appellants.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1993.

Decided Oct. 21, 1993.

Lewis Kates, for appellants.

Paul A. Cohen, for appellees.

Before CRAIG, President Judge, and SMITH and KELTON, Senior Judge.

SMITH, Judge.

Samuel Linefsky, Samuel Alanoff, Selma Linefsky, and Elaine Katchman (Condemnees) appeal from the August 13, 1992 order of the Court of Common Pleas of Philadelphia County granting a motion to quash filed by the Redevelopment Authority of the City of Philadelphia (Authority), and denying Condemnees' preliminary objections to the motion to quash. This Court must determine whether an appeal to a trial court from an award of a board of viewers is timely when it has been filed within thirty days of the "entry of the award" on the docket, or whether that appeal must be made within thirty days of the "filing" of the viewers' award. For the following reasons, the trial court's order is reversed.

In May 1988, the Authority filed a declaration of taking condemning property owned by Condemnees. Upon consideration of a petition filed by Condemnees, the trial court convened a board of viewers (viewers), which held a hearing on June 15, 1989. On June 29, 1989, the viewers mailed to the parties a copy of their report and award and informed them that the report would be filed on July 18, 1989. Although the viewers' report was filed on that date, it was not entered on the docket until August 1, 1989.

On August 30, 1989, Condemnees appealed the viewers' award. The Authority moved to quash the appeal on the ground that it was not timely filed and Condemnees responded with preliminary objections. On December 7, 1989, the trial court dismissed the Authority's motion to quash as Condemnees' appeal was filed within thirty days of entry of the viewers' report. On December 12, 1989, the trial court vacated its December 7 order and remanded the case to motion court for completion of the pleadings. On August 13, 1992, the trial court granted the Authority's motion to quash the appeal and denied Condemnees' preliminary objections. Condemnees appealed to this Court.[1]

---

1. In reviewing eminent domain cases, this Court is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Department of Transportation v. Cantono W. & Sons, Inc.*, 140 Pa.Commonwealth Ct. 424, 593 A.2d 26 (1991).

Condemnees argue that the trial court erred in relying on Sections 513 and 515 of the Eminent Domain Code[2] as controlling the timeliness of appeals to the trial court from the viewers' report. Section 513 provides in pertinent part:

> Ten days before the filing of their report, the viewers shall mail a copy thereof to all parties or their attorneys of record, with notice of the date of the intended filing and that the report shall become final unless an appeal therefrom is filed *within thirty days from the date the report is filed.* Prior to the filing of their report they may correct any errors therein and give notice thereof to the persons affected. [Emphasis added.]

Section 515 provides that any award of damages as to which no appeal is taken "shall become final as of course and shall constitute a final judgment." Relying upon these sections, the trial court determined that Condemnees' appeal was untimely because it was filed more than thirty days from the date the viewers' report was filed.

Condemnees assert, however, that Section 513 language regarding the appropriate appeal period was expressly repealed by Section 2(a)[1376] of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(a)[1376], and replaced by Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b), which provides in part:

> [A]n appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days *after the entry of the order from which the appeal is taken,* in the case of an interlocutory or final order. [Emphasis added.]

JARA and the Judicial Code represent "the culmination of a ten year effort to achieve the first complete judicial codification in Pennsylvania's history." *Appeal of Chartiers Valley School Dist.,* 501 Pa. 620, 624, 462 A.2d 673, 675 (1983). The Judicial Code took effect in 1978 concurrent with JARA, the primary purpose of which was to repeal those statutes which

**2.** Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–513, 1–515.

had been supplanted by the Code. Section 2(a) of JARA expressly repealed all or part of more than 1500 statutes, comprising approximately 6000 sections of Purdon's Pennsylvania Statutes enacted between 1700 and 1977.[3] *Id.* In addition to this express repealer, Section 2(g) of JARA, 42 P.S. § 20002(g), provides in part that "all other acts and parts of acts are hereby repealed insofar as they are in any manner inconsistent with this act or the act to which it is a supplement."

In *Chartiers,* the Supreme Court stated that the obvious intent of the legislature in enacting Section 5571 of the Judicial Code was to make uniform the appeal period applicable to cases heard by Pennsylvania courts. The court noted that under Section 1971 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1971, Section 5571 accomplished the implied repeal of the appeal period provisions relied upon by the appellants, "and the fact that these sections were not specifically repealed is of no consequence." *Id.,* 501 Pa. at 625, 462 A.2d at 676. Furthermore, in *Foraker Appeal,* 94 Pa.Commonwealth Ct. 322, 503 A.2d 1024 (1986), this Court held that inconsistency between Section 5571 and statutory provisions regarding appeals from a borough's civil service commission decision mandates the repeal of the inconsistent portion of those provisions. Therefore, Section 5571(b) of the Judicial Code controls, and the trial court sub judice erred in determining that the appeal time contained in Sections 513 and 515 of the Eminent Domain Code govern Condemnees' appeal from the viewers' award as opposed to Section 5571(b).

In order to be timely Condemnees must have filed their appeal from the viewers' award within thirty days after the entry of the award. Contrary to the Authority's assertions[4],

---

3.  It must be noted that Section 2(a)[1376] of JARA specifically referred to Section 515 of the Eminent Domain Code, rather than Section 513, because Section 515 formerly contained the same language regarding the appeal period.

4.  The Authority's reliance upon *Borough of West View Appeal,* 93 Pa.Commonwealth Ct. 380, 501 A.2d 706 (1985), and *Border v. Zoning Hearing Bd. of Easton,* 74 Pa.Commonwealth Ct. 638, 460 A.2d 918 (1983), is misplaced. These cases analyzed Section 5572 of the Judicial

courts have consistently interpreted Section 5571(b) as requiring that the thirty day appeal period begins not on the date the order is signed or the date it is filed, but rather on the date the order is entered on the docket. In *Kemmerer Appeal*, 46 Pa.Commonwealth Ct. 455, 405 A.2d 1108 (1979), this Court noted that Pa.R.A.P. 903(a), promulgated under the authority of Section 5571(a), requires that the appeal time runs from the date the order is entered of record, which in that case occurred seven days after the filing of the order appealed from. More recently, this Court held that in the case of a February 4, 1991 order granting a motion for summary judgment which was not entered on the docket until March 22, 1991, the appeal period began to run on the latter date. *Di Vito v. City of Philadelphia*, 144 Pa.Commonwealth Ct. 132, 601 A.2d 397 (1991), *appeal denied sub nom. Di Vito v. Goode*, 533 Pa. 613, 618 A.2d 403 (1992); *see also Speight v. Burens*, 371 Pa.Superior Ct. 478, 538 A.2d 542 (1988) (where a June 4, 1987 order received by all parties shortly after it was issued was not docketed "for some unknown reason" until July 2, 1987, the appeal period began to run on the date of entry on the docket).

■ The Authority argues that none of the cases cited by Condemnees[5] involve the direct issue of an appeal from a board of viewers to a common pleas court; instead, all of the cases involve the appeal of a trial court decision to an appellate court and for this reason do not resolve the issue in this appeal. The Authority further maintains that only one of the cases, *Department of Transportation v. Jennings*, 76 Pa.Commonwealth Ct. 453, 463 A.2d 1290 (1983), involves an eminent

Code, 42 Pa.C.S. § 5572, which provides that the date of entry of an order shall be the date of mailing if service is by mail, a situation not present in the instant matter.

**5.** Among the cases cited by Condemnees are: *Yeaple v. Yeaple*, 485 Pa. 399, 402 A.2d 1022 (1979); *Pennsylvania Liquor Control Board v. Kayden Corp.*, 95 Pa.Commonwealth Ct. 306, 505 A.2d 393 (1986); *Department of Transportation v. Jennings*, 76 Pa.Commonwealth Ct. 453, 463 A.2d 1290 (1983); *Appeal of Kemmerer; Progressive Home Federal Savings & Loan Ass'n v. Kocak*, 359 Pa.Superior Ct. 120, 518 A.2d 808 (1986), *appeal denied*, 516 Pa. 614, 531 A.2d 781 (1987).

domain action. Contrary to the Authority's assertions, a review of the cases interpreting Section 5571 of the Judicial Code and the relevant sections of the Rules of Appellate Procedure reveals that this Court, as well as the trial court, must apply the principles underlying appeal procedures in a consistent manner, regardless of the nature of the appeal.[6]

The Authority further contends that Section 5571 of the Judicial Code is not applicable to appeals from the board of viewers because the viewers are not a court and do not issue orders. However, it is clear that the board of viewers is a "tribunal or other government unit," as envisioned by Section 5571, from which an appeal may be taken to a court. Pursuant to Sections 2141 and 2142 of the Judicial Code, 42 Pa.C.S. §§ 2141, 2142, the board of viewers in each county consists of three or more persons selected by the court of common pleas of the judicial district. Pursuant to Section 510 of the Eminent Domain Code, 26 P.S. § 1–510, the viewers have the power of judicial officers to administer oaths and affirmations, to adjourn the proceedings from time to time, and to "hear, determine, act upon and report all matters relating to the view for which they were appointed." Moreover, any viewers' award as to which no appeal is taken "shall become final as of course and shall constitute a final judgment" without further action being taken by the trial court. Section 515. Since the board of viewers acts as a creature of the court, it is thereby reasonable that rules governing the appellate procedure of the courts are to be applied equally to

6. This Court further rejects the Authority's reliance upon *Department of Transportation v. Cantono W. & Sons, Inc.,* 140 Pa.Commonwealth Ct. 424, 593 A.2d 26 (1991), and *Redevelopment Auth. of Philadelphia v. Little,* 53 Pa.Commonwealth Ct. 255, 417 A.2d 834 (1980). In *Little,* this Court relied upon *Hafetz v. Redevelopment Auth. of Wilkes–Barre,* 19 Pa.Commonwealth Ct. 202, 339 A.2d 644 (1975), in determining that a party must appeal from a board of viewers' award to the trial court within thirty days from the date of filing of the report. However, *Hafetz* was decided prior to the passage of JARA and the Judicial Code and no longer is controlling in that respect. In *Cantono W. & Sons,* this Court was faced with the sole issue of whether the ten day notice of filing requirement in Section 513 of the Eminent Domain Code is mandatory, and did not consider the issue of when the appeal period begins to run.

appeals from the decisions of board of viewers.[7]

Accordingly, since Condemnees' appeal was timely filed, the order of the trial court granting the Authority's motion to quash is reversed and this case is remanded to the trial court to proceed on the merits of Condemnees' appeal.

## ORDER

AND NOW, this 21st day of October, 1993, the order of the Court of Common Pleas of Philadelphia County is reversed and this case is remanded to the court for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

7. Condemnees also maintain in the argument section of their brief, but not in their questions presented for review, that counsel for the Authority violated Rule 3.3(a)(3) of the Pennsylvania Rules of Professional Conduct by not advising the trial court of settled law regarding Section 5571 of the Judicial Code. This issue will not be addressed for several reasons: the issue was neither raised before nor addressed by the trial court; Condemnees are not clear in what respects the Authority allegedly violated this rule; and the Authority addressed the law regarding Section 5571.