Norman **LINEFSKY**, Executor of the Estate of Samuel Linefsky, Deceased, Tillie Allanoff, Selma Linefsky and Elaine Katchman, Co–Partners, Appellants,

v.

The **REDEVELOPMENT AUTHORITY OF THE CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued May 6, 1997.

Decided July 9, 1997.

Lewis Kates, Philadelphia, for appellants.

Francis J. Moran, Philadelphia, for appellee.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Norman Linefsky, Executor of the Estate of Samuel Linefsky, Tillie Allanoff, Selma Linefsky and Elaine Katchman (Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court), dated September 24, 1996, granting the Petition To Enforce Settlement of the Redevelopment Authority of the City of Philadelphia (Authority).

On May 11, 1988, the Authority filed a declaration of taking for, inter alia, property located at 1237–1239 Market Street, which was known as the Dewey Building.[1] At the time of the taking, the property was owned pursuant to a joint venture agreement (joint

---

1. The property was part of land taken for the Convention Center Urban Renewal Project.

venture) in which the interests of the joint venturers was as follows: Samuel Linefsky (55%); Samuel Allanoff (25%); Selma Linefsky and Elaine Katchman (20%).[2] The joint venture provided, in relevant part, as follows:

9. The management and conduct of the joint venture shall be vested in all of the parties. All decisions affecting the policy of this joint venture, the management of the premises including the drawing accounts and compensation of the agent and other employees of the joint venture, the discharge of employees and all matters of whatsoever kind or nature relating to the ownership of the premises of the management and operation thereof, shall be made jointly by all the parties hereto.

10. In the event of a disagreement among the managing parties hereto, a decision by a majority of the Joint Venturers shall be binding upon the parties hereto.

(R.R. 224a.)

On July 21, 1988, the Authority paid the joint venturers 2.5 million dollars, the value of the property as determined by the Authority's appraiser. A hearing was held before the Board of View (Board) on June 15, 1989. The Board filed a report and award on July 18, 1989, in favor of the joint venturers[3] in the amount of $2.9 million.[4]

During the foregoing proceedings, the joint venturers were being represented by Attorney Charles Basch (Basch). Following the Board's award of 2.9 million dollars, Basch, with the permission of the joint venturers, engaged in settlement discussions with the Authority, the result of which produced a settlement offer whereby the Authority agreed to pay, in addition to those monies already paid, $400,000.00 plus $34,-937.00 in interest and an additional $20,-107.60 for rental reimbursement. By letter of July 26, 1989, Basch informed the Authority that the joint venturers had accepted the settlement offer and that no appeal would be filed by either party. (R.R. 28a.) A date to conclude the settlement was scheduled for August 29, 1989. By letter dated August 24, 1989, Basch was informed by Samuel Linefsky that his services were being terminated and that he was being replaced by Attorney Lewis Kates (Kates). (R.R. 466a.)

On August 30, 1989, an appeal from the award of the Board was filed by Kates on behalf of the property owners. In response thereto, the Authority filed a motion to quash the appeal because it was untimely. The trial court granted the Authority's motion to quash by order dated August 13, 1992 and the Appellants filed an appeal therefrom to this Court. By opinion and order dated October 21, 1993, this Court determined that the appeal was timely and remanded to the trial court "to proceed on the merits of the Condemnees' appeal."[5]

Following the remand to the trial court, the Authority filed a Petition To Enforce Settlement in which it averred that both parties had agreed to accept the award of the Board and further that no appeal would be filed by either party. (R.R. 14a–21a.) On November 3, 1994, the Appellants, by Kates, filed an answer denying there was a settlement. By opinion and order dated January 13, 1995, the trial court, without conducting a hearing and without briefs or oral argument, granted the Authority's Petition To Enforce Settlement, which was appealed here at *Norman Linefsky, et al v. Redevelopment Authority of the City of Philadelphia* (No. 349

---

**2.** The original ownership agreement identified Max Beinhocker (Beinhocker) as having a 25% interest, Samuel Allanoff as having a 25% interest, Samuel Linefsky as having a 35% interest, and Adolph Schwartz (Schwartz) as having a 15% interest. Schwartz subsequently acquired 5% of Beinhocker's interest and Samuel Linefsky acquired the remaining 20% of Beinhocker's interest. Upon Schwartz's death, his 20% interest vested in his two daughters Selma Linefsky and Elaine Katchman.

**3.** Subsequent to the taking on May 18, 1988 and prior to May 15, 1989, the specific date not being

of record, Samuel Allanoff died and his interest vested in Tillie Allanoff. (R.R. 29a.)

**4.** The Board also ordered that compensation for delay in payment shall run on the sum of $400,-000.00 from July 21, 1988 to the date of settlement at a fixed interest rate of 7.65 percent.

**5.** *See Appeal of Linefsky,* 159 Pa.Cmwlth. 234, 632 A.2d 1061, 1064 (1993), *petition for allowance of appeal denied,* 539 Pa. 639, 650 A.2d 54 (1994).

C.D.1995, filed December 1, 1995), slip op. at 6–7, 669 A.2d 1121.

Following argument and consideration of the briefs, we held

> [o]ur review of the record reveals that material issues of fact are raised by the Authority's Enforcement Petition and Condemnee's answer thereto. The trial court was required to resolve the issues raised either by an in court evidentiary hearing or by resort to Rule 209. The trial court's grant of the relief sought by the Authority without conducting a hearing or proceeding in accordance with Rule 209 constituted error.
>
> Accordingly, we reverse the order of the trial court and remand with direction to conduct an evidentiary hearing, either in court or pursuant to Rule 209[6], then determine whether a binding settlement agreement exists between the parties.

Pursuant thereto we entered the following order:

> AND NOW, this 1st day of December, 1995, the order of the Court of Common Pleas of Philadelphia County is reversed and the case is remanded to the court for further proceedings consistent with this opinion. . . .

The trial court, in compliance with our opinion and order, issued an order on March 15, 1996, directing the parties to conduct depositions to "determine whether a binding settlement agreement exists between the parties."[7] Following the submission of depositions and briefs by the parties, the trial court, on September 24, 1996, entered an order granting the Authority's Petition To Enforce Settlement.[8]

The foregoing procedural and factual matters are not in dispute and are summarized in the opinion of the trial court, following which the trial court wrote:

> As to the essential elements of contract formation, the Court first considered the parties capacity to contract. Defendant Redevelopment Authority's capacity to contract is not in question. However, Plaintiffs contended that attorney Charles Basch was not authorized to contract on their behalf. (Plaintiff's Brief Contra Petition to Enforce Settlement, p. 15, July 31, 1996).
>
> In order to determine Mr. Basch's authority to contract, this Court considered the relative control of the parties and what authority was granted to Mr. Basch. At the time of these condemnation proceedings, the control of the joint venture was held in the following manner: Samuel Linefsky (55%) one vote; Tillie Allanoff (25%) one vote; and the heirs of Adolph Schwartz, Elaine Katchman and Selma Linefsky (20%) and one (shared) vote. Furthermore, the joint venture's partnership agreement provided that in the event of a disagreement, the partnership could be bound by a decision of the majority (two of the three votes). Partnership Agreement, § 10, June 1, 1954.
>
> On July 21, 1988, the RDA paid Plaintiffs 2.5 million dollars, its estimate of the fair market value of the property located at 1237–39 Market Street. On June 29, 1989, the Board of View entered an Award in favor of Plaintiff in the amount of $2.9 million dollars. Subsequent thereto, the RDA and Plaintiff's counsel Charles Basch negotiated a settlement offer of $450,-000.00 beyond the monies paid to Plaintiffs on July 21, 1989.
>
> On July 25, 1989, Samuel Linefsky conveyed his approval of the settlement offer via written communication executed by his daughter's hand. (Rae Linefsky's letter of 7/25/89 to Charles Basch). Similarly, Tillie Allanoff provided a verified statement in her pleading that she agreed to the offered settlement.[1] (see [sic] *Basch v. Allanoff,* CCP, August Term, 1990, No. 3961). Al-

---

6. Pennsylvania Rules of Civil Procedure, Rules 206 through 209 were rescinded and replaced by Rules 206.1—206.7.

7. Pursuant to the trial court's order depositions were taken of Robert J. Guerra, Joseph A. Coyle, and Frank Castaldi on April 9, 1996; depositions of Elaine Katchman, Selma Linefsky, and Nor-

man Linefsky were taken on April 10, 1996 and the deposition of Mary Shefsky was taken on April 16, 1996.

8. An opinion in support of the trial court's order was filed November 1, 1996.

though the remaining partners contend that they disagreed with the settlement offer, the aforementioned acceptance by Samuel Linefsky and Tillie Allanoff represented a binding two-third majority vote and 80% of the venture's ownership. Thus, Plaintiffs had the legal capacity to contract pursuant to the joint venture's partnership agreement. Partnership Agreement, § 10, June 1, 1954.

Similarly, Sam Linefsky's written authorization of July 25, 1989 and Tillie Allanoff's verified acquiescence to the settlement agreement collectively represented Charles Basch's express authority to settle the case. *Id.* Ergo, Attorney Charles Basch was authorized to enter into a settlement agreement on behalf of the Plaintiffs in which the essential terms of settlement were agreed. On July 26, 1989, Charles Basch notified Joseph Coyle of the RDA that Plaintiff accepted the Board of View's Award. (Charles Basch's letter of 7/26/89 to Joseph Coyle).

---

1. Note: Plaintiff contends that such pleading is inadmissible in the instant matter. However, said statement is an admission against interest in a different proceeding and is admissible herein as a "judicial admission." *Pennsylvania Dutch Co. v. Pennsylvania Amish Co.*, 59 D. & C.2d 669 (1973).

■ The Appellants argue that the trial court erred in concluding that the Authority had met its burden of showing, by a preponderance of the evidence, the existence of a settlement agreement between the parties. The Eminent Domain Code (Code) [9] allows for settlement agreements of all or any part or item of the damages resulting from a taking. *See* Section 501 of the Code, 26 P.S. § 1–501; *Marx Stationery & Printing Company v. Redevelopment Authority of City of*

9. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101—1–903.

10. Basch filed an action in the Court of Common Pleas of Philadelphia County, August Term, 1990, No. 3961 (*Basch v. Allanoff*), naming Tillie Allanoff as a defendant. This action was related to the taking of her interest by the RDA. Tillie Allanoff joined the Estate of Samuel Linefsky, pursuant to Pa. R.C.P. No. 2252, by way of a verified third party complaint in which she alleged, as herein relevant,

6. In or about July, 1989 a Board of View awarded the former owners of the Dewey Building $400,000.00 plus interest, additional to the $2.5 million previously paid, as compen-

*Philadelphia,* 675 A.2d 769 (Pa.Cmwlth. 1996). It is well established that the enforceability of a settlement agreement is determined according to principles of contract law. *Century Inn, Inc. v. Century Inn Realty, Inc.,* 358 Pa. Superior Ct. 53, 516 A.2d 765 (1986). Thus, a settlement is a contract which may be attacked for want of authority. *Baumgartner v. Whinney,* 156 Pa. Superior Ct. 167, 39 A.2d 738 (1944). The Appellants argue that the trial court erred in concluding that Basch was authorized to accept the settlement offer on their behalf. Without said authorization, the Appellants argue that the trial court erred in concluding that there was an enforceable settlement agreement.

■ The trial court concluded that Basch was authorized to accept the settlement offer on behalf of the joint venture since Samuel Linefsky and Tillie Allanoff had agreed to the settlement and their decision to do so constituted a two of three vote majority by which the joint venture was bound. The trial court's conclusion was based upon, inter alia, the following two findings of fact: 1) Samuel Linefsky had approved the settlement offer by means of a letter from his daughter, Rae Linefsky, to Basch on July 25, 1989 (Exhibit RDA# 15) (R.R. 39a); and 2) Tillie Allanoff had provided a verified statement in her pleadings in a separate, but related, action [10] in which she set forth her acceptance of the settlement offer, (Exhibit RDA# 16) (R.R. 39a, 45a–47a.) The letter to Charles Basch, attached as Exhibit A to Tillie Allanoff's aforesaid pleading, as herein relevant, is as follows:

Re: Premises 1237–1239 Market Street

sation for the taking by the City of the Dewey Building.

7. On or about July 25, 1989 Samuel Linefsky, on behalf of all former owners including Tillie Allanoff, decided to accept the award of the Board of View. A copy of Linefsky's letter reflecting his decision, written at his request by his daughter, Rae Linefsky, is attached hereto as Exhibit "A".

8. Linefsky's decision to accept the award of the Board of View was in accord with the wishes of the minority owners, including Tillie Allanoff.

(R.R. 46a.)

Linefsky, Allanoff and Katchman vs. Philadelphia Redevelopment Authority

Dear Mr. Basch: [Handwritten Charles]

I have been given instructions by my father, Samuel Linefsky, to accept the Award of the Board of Viewers. It is my understanding, as specified in your letter of July 20th, that the amount will be $400,-000.00 plus interest approximately $30,-000.00, plus rental reimbursement approximating $20,000.00—or a minimum total of $450,000.00 in additional proceeds.

. . . .

On behalf of my father I will be calling Daniel B. Allanoff, Esq. to notify his grandmother, Tillie Allanoff, and I will notify the Linefsky and Katchman parties of this decision.

. . . .

Sincerely,

/s/ Rae Linefsky
Rae Linefsky

cc: Samuel Linefsky

Selma Linefsky

Elaine Katchman

Daniel B. Allanoff, Esq.

The Appellants assert that said findings of the trial court are based upon inadmissible hearsay evidence.[11]

**11.** Where, as here, the trial court is the finder of fact, our scope of review is limited to determining whether the trial court committed an error of law or based its findings on substantial evidence. *Grand Central Sanitary Landfill, Inc. v. Township of Plainfield,* 138 Pa.Cmwlth. 640, 589 A.2d 767 (1991).

**12.** The Authority originally sought to introduce Tillie Allanoff's pleading at the deposition of Robert J. Guerra (Guerra), the director of the Authority's legal division and its general counsel. The Appellants objected to its introduction on the basis that, since Guerra had admitted that he lacked personal knowledge of the factual matter referenced in said documents, the Authority was precluded from authenticating the document through his testimony. (R.R. 170a–171a.) The Authority subsequently introduced said statement at the deposition of Frank Castaldi (Castaldi), a clerk from the office of the prothonotary, who authenticated the same. The Appellants neither objected to the introduction of Tillie Allanoff's verified pleading at that time (R.R. 317a) nor to

With regard to Tillie Allanoff's verified pleading [12], the Appellants argue that said pleading is inadmissible evidence since the trial court "may not ordinarily take judicial notice in one case of the records of another case. . . ." The trial court, however, did not take judicial notice of said pleading but rather considered the same as properly admitted evidence. It is well established that judicial admissions are admissible as exceptions to the hearsay rule and may arise from a party's statement in his pleadings. *See Tops Apparel Manufacturing Co. v. Rothman,* 430 Pa. 583, 244 A.2d 436 (1968). A party may not offer evidence to contradict the judicially admitted facts, *Riddle v. Commonwealth,* 136 Pa.Cmwlth. 508, 583 A.2d 865 (1990); however, facts judicially admitted in one proceeding are not conclusive in another, though they still may be admitted as evidential admissions. *See Dale Manufacturing Co. v. Bressi,* 491 Pa. 493, 421 A.2d 653 (1980). As evidential admissions, said facts are always subject to be contradicted or explained. *See* Leonard Packel and Anne B. Poulin, Pennsylvania Evidence § 805.5 (1987). The Appellants presented no evidence to contradict or explain Tillie Allanoff's verified pleading, including the letter of Rae Linefsky,[13] that she was in accord with Samuel Linefsky's decision of July 25, 1989 to accept the settlement offer. The trial court, therefore, did not err in relying on Tillie

Exhibit A, the letter of Rae Linefsky attached thereto.

**13.** The Rae Linefsky letter (Exhibit RDA# 15) was entered as evidence at the deposition of Robert J. Guerra, Kates merely said "[n]ote my objection." (R.R. 133a.) Kates' objection was a general objection without specifying any grounds therefor. While objections may be general in nature, *see Dietrich v. Davies,* 274 Pa. 213, 117 A. 915 (1922), it has been held permissible for a court to overrule a general objection which assigns no reason whatsoever. *Philadelphia Housewrecking Co. v. Nolen,* 252 Pa. 443, 97 A. 579 (1916). Additionally, at no time prior to the trial court's order of September 24, 1996 did Appellants specifically raise before the trial court the aforesaid objection. The admission of evidence over a general objection is not error if such evidence is competent for any purpose, *Murray v. Frick,* 277 Pa. 190, 121 A. 47 (1923); *Lenihan v. Davis,* 152 Pa. Superior Ct. 47, 31 A.2d 434 (1943). Herein, the Rae Linefsky letter (Exhibit RDA # 15) was competent and relevant.

Allanoff's verified pleading to support its finding that she had agreed to the settlement.

 The Appellants also argue that the trial court erroneously reached the merits of the case because the Authority had allegedly waived its right to seek enforcement of the purported settlement agreement. In so arguing, however, the Appellants ignore the decision and order of this Court of December 1, 1995 which remanded the matter and directed the trial court to conduct an evidentiary proceeding on the settlement issue. The Appellants failed to appeal said order and are now precluded from challenging the same. *Weeast v. Borough of Wind Gap*, 677 A.2d 375 (Pa.Cmwlth.1996) (a trial court must comply with the mandate of the appellate court and issues decided by an appellate court on a prior appeal will not be reconsidered on a second appeal); *Spang & Company v. USX Corporation*, 410 Pa. Superior Ct. 254, 599 A.2d 978 (1991), *petition for allowance of appeal denied*, 531 Pa. 640, 611 A.2d 712 (1992).

The Appellants' final argument is that the trial court unilaterally and erroneously altered the terms of the purported settlement agreement by omitting the portion of the Board's award which provided for delay damages. The trial court noted Basch, in his letter of July 26, 1989 (Exhibit RDA# 4), notified the Authority of the Appellants' acceptance of the settlement offer in which he stated "[i]t is understood and agreed that the fund to be distributed will consist of the $400,000.00 additional proceeds with interest from July 21, 1988 plus the sum of $20,107.60 for the rental reimbursement." (R.R. 28a.) The Authority had computed the interest on the $400,000.00, at the rate of 7.65 percent from July 21, 1988 to August 29, 1989, as being $34,973.00. (R.R. 210a.) The trial court, in accepting the aforesaid calculation, determined that August 29, 1989, was the mutually agreed upon date for settlement. The trial court did not abuse its discretion in concluding that the Appellants should not be awarded any interest after the agreed upon settlement date of August 29, 1989.

We conclude that the findings of fact made by the trial court are based upon substantial evidence in the record and no errors of law were committed; accordingly, the order of the trial court granting the Authority's Petition To Enforce Settlement will be affirmed.

### ORDER

AND NOW, this 9th day of July, 1997, the order of the Court of Common Pleas of Philadelphia County, dated September 24, 1996, granting the Petition To Enforce Settlement of the Redevelopment Authority of the City of Philadelphia, is affirmed.